# CASES DETERMINED

BY THE

# SUPREME COURT

OF THE

## STATE OF MISSOURI

AT THE

### APRIL TERM, 1905.

THE STATE ex rel. MANNING et al. v. SMITH et al., Judges of Kansas City Court of Appeals.

**In Banc, April 25, 1905.**

1. **INJUNCTION: Motion To Dissolve: Appeal: Subsequent Course.** A judgment of the trial court sustaining a motion to dissolve a temporary injunction is an interlocutory order from which the plaintiff may appeal, and if he does appeal the appellate court has no power, in reversing that judgment, to direct the trial court to enter a final judgment for the plaintiff. The order made on a motion to dissolve, whether sustaining the motion or not, does not affect the substantial rights of the parties, nor dispose of the main cause.

2. ———: ———: ———: ———: **Hearing Evidence.** The fact that on a motion to dissolve a temporary injunction testimony was heard bearing upon the merits of the whole case, in no way affects the interlocutory character of an order dissolving the injunction.

3. ———: ———: ———: ———: **Settling Receiver's Account.** Nor does the fact that the court, in its order dissolving the temporary injunction, settled the account of a receiver appointed by the court of its own motion to take charge of the property until the further order of the court, affect the interlocutory character of that order.

167

4. ———: ———: ———: ———: Statute. The amendments of 1891 and 1895 to the statute, providing for an appeal "from any order . . . dissolving an injunction" and that "a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on appeal taken from the final judgment in the cause," do not change the interlocutory character of an order dissolving an injunction on motion before final hearing, but on the contrary emphasizes its interlocutory character and makes provision for it.

5. ———: ———: ———: Jurisdiction of Court of Appeals: Certiorari. The plaintiff is entitled to an appeal from an order sustaining a motion to dissolve a temporary injunction, and if the appeal is to a court of appeals the Supreme Court has no power to interfere with a legitimate exercise by that court of its appellate jurisdiction. But if that court, in the exercise of its conceded jurisdiction, exceeds the bounds thereof, and in its judgment undertakes to dispose of a matter not before it on the appeal, then as to such excess the Supreme Court has authority to interfere by *certiorari* under the provision of the Constitution.

6. ———: ———: ———: ———: Excessive Jurisdiction. In an appeal from an order dissolving a temporary injunction, a direction by a court of appeals to the trial court "to render final judgment for the plaintiff as prayed for in the petition," is in excess of its jurisdiction. It has jurisdiction of only so much of the case as is brought to it by the appeal from the interlocutory order dissolving the injunction; it does not have jurisdiction to dispose of the whole case and direct final judgment.

7. EXCESSIVE JURISDICTION: Certiorari: Power of Supreme Court. Under the provisions of the Constitution which give the Supreme Court superintending control over courts of appeals, by mandamus, prohibition and certiorari, the Supreme Court has power by its writ of certiorari to interfere with an excessive exercise of jurisdiction by a court of appeals.

## Certiorari.

MOTION TO QUASH OVERRULED.

*B. P. Finley* and *Scarritt, Griffith & Jones* for relators.

(1)   The Kansas City Court of Appeals has no jurisdiction to finally decide a case upon its merits and require the circuit court to enter final judgment therein upon an appeal from an interlocutory order dissolving a temporary injunction and settling the accounts of a receiver, and it therefore has no jurisdiction to compel the circuit court to do so by writ of mandamus. Voorhis v. Assn., 59 Mo. App. 56; Railroad v. Railroad, 94 Mo. 542; Greeley v. Railroad, 123 Mo. 162; Cohn v. Lehman, 93 Mo. 577; Gareche v. Emerson, 31 Mo. 258; Robinson v. Morgan Co. Ct., 32 Mo. 431; Berry v. Zimmerman, 43 Mo. 215; Boggess v. Cox, 48 Mo. 278; Spears v. Bond, 79 Mo. 471; Tanner v. Irwin, 1 Mo. 65; Harrison v. Rush, 15 Mo. 175; Johnson v. Board of Education, 65 Mo. 47; Witthaus v. Bank, 18 Mo. App. 182. The distinction between an interlocutory order and a final judgment is clearly pointed out in the case of Railroad v. Kansas City, 29 Mo. App. 95, and in Richards v. Johnson, 34 Mo. App. 84. The foregoing principal authorities are cited and approved in the following case, which has been decided since the present statute went into effect: Rose v. Township Board, 163 Mo. 397. (2) The part of the order appealed from, conditionally discharging the receiver and settling his accounts, does not assist the respondents in their contention as no appeal lies from such an order. Our statute does not provide for an appeal from such an order. The right of appeal in our State in all cases is governed solely by statute, and as will be shown by the authorities hereafter, unless the statute expressly allows an appeal no appeal will lie. Our statute does not provide for an appeal from an order of the court discharging a receiver and remanding the money or property that may have been placed in his hands. Previous to the amendments made in 1891 and 1895 in our appeal statute (sec. 806, R. S. 1899) no appeal would lie in any case except from a final judgment therein, and an order discharging a receiver and settling his account was not

considered a final judgment. The amendments above referred to do not confer the right of appeal from such an order. State ex rel. v. Hirzel, 137 Mo. 445; Greeley v. Railroad, 123 Mo. 165; Merriam v. Railroad, 126 Mo. 445; State ex rel. v. Talty, 139 Mo. 39. The same rule is held in other jurisdictions which have statutes similar to ours. Railroad v. Railroad, 55 Md. 153; Coalgate v. Railroad, 28 Mich. 288. (3) The contention of the court of appeals that it had a right to try the case anew on the ground that it was an equity case, falls to the ground. It is a court of review only as to the class of cases to which Metropolitan Land Company v. Manning belongs. There is no authority, either constitutional or statutory, conferring upon it the right to try anew upon appeal a purely equity case. State ex rel. v. Smith, 176 Mo. 94. (4) Neither will the contention of the court that it had a right to determine the whole cause and render final judgment therein for the reason that the injunction sought was the sole object of the bill, stand the test of the rule announced in the foregoing authorities. While it is not true that injunction was the sole object of the bill in the case at bar—because the plaintiff alleged and prayed for damages—still even if such were the case the same result would follow under the authorities. Tanner v. Irwin, supra; Johnson v. Board of Education, supra; Witthaus v. Bank, supra; Richards v. Johnson, supra. (5) Temporary and permanent injunctions are provided for by our statutes, and it is clearly contemplated that temporary injunctions shall be interlocutory only. R. S. 1899, secs. 3627, 3630, 3646; Sodeberg v. Pierce, 33 Mo. App. 62. (6) The appearance of the parties in the court of appeals and the submission of briefs and arguments upon the appealed case, did not and could not confer jurisdiction of the subject-matter upon that court, because (1) the original cause remained in the circuit court; (2) the parties could not, even by consent, confer jurisdiction over the subject-matter. Aber-

State ex rel. v. Smith.

nathy v. Moore, 83 Mo. 69; Brown v. Woody, 64 Mo. 550; Green v. Roen, 12 N. W. 766.

*Ward & Hadley* for respondents.

(1)   The Kansas City Court of Appeals had jurisdiction of the subject-matter and of the parties in the case of Metropolitan Land Company v. Manning. Bennett v. Railroad, 105 Mo. 642; Bank v. Bennett, 138 Mo. 500; Town of Kirkwood v. Johnson, 148 Mo. 632; Railroad v. Smith, 154 Mo. 300; Metcalf v. Watertown, 128 U. S. 586; Hartell v. Tilghman, 99 U. S. 547; Albright v. Leas, 106 U. S. 613; Life Assurance Soc. v. Ford, 114 U. S. 635.   (2) The Kansas City Court of Appeals, having jurisdiction of the subject-matter of Metropolitan Land Co. v. Manning, had the right to hear and determine all questions of law involved in said cause. State ex rel. v. Smith, 105 Mo. 6; State ex rel. v. Neville, 110 Mo. 349; State ex rel. v. Smith, 129 Mo. 585; Smith v. Railroad, 143 Mo. 33; State ex rel. v. Smith, 173 Mo. 398; Clary, v. Hoagland, 6 Cal. 685; Wash. Bridge Co. v. Stewart, 3 How. 413; Gaines v. Rugg, 148 U. S. 241.   (3) The judgment rendered in case of Metropolitan Land Co. v. Manning, from which an appeal was taken to the Kansas City Court of Appeals, was a final judgment because said judgment was rendered after a trial of said case on the merits, and it stands admitted in this record that said case was so tried.   It stands admitted on this record that the case of Metropolitan Land Co. v. Manning was tried on the merits, for it has been held by this court that a return to an alternative writ of mandamus must conform to common law rules of pleading and that the denial in the return to an alterative writ of mandamus must be direct and specific. State ex rel. v. Williams, 96 Mo. 13; State ex rel. v. Allison, 155 Mo. 325; R. S. 1899, sec. 766; State ex rel. v. Woodson, 128 Mo. 513; Railroad v. Express Co., 108 U. S. 24; State ex rel. v. Klein, 140 Mo.

510; Farley v. Commann, 43 Mo. App. 174; Bank v. Riley, 8 Mo. App. 544; 10 Ency. Pl. and Pr., 1082; Elliott's App. Proc., sec. 94. (4) Upon the filing of the mandate of the Kansas City Court of Appeals in the case of Metropolitan Land Co. v. Manning in the circuit court, it became the duty of that court to render a judgment in conformity with said mandate, and, failing to do so, the Kansas City Court of Appeals properly awarded a writ of mandamus to compel said circuit court to render such a judgment. In re Sanford, 160 U. S. 255; 13 Ency. Pl. and Pr., 592; Gaines v. Rugg, 148 U. S. 228; State ex rel. v. Phillips, 97 Mo. 347; State ex rel. v. Klein, 140 Mo. 513. (5) The Kansas City Court of Appeals having acted within its jurisdiction in the cases of Metropolitan Land Co. v. Manning and State ex rel. Metropolitan Land Co. v. Douglass, the writ of certiorari issued in this case must be quashed. State ex rel. v. Smith, 129 Mo. 589; State ex rel. v. Edwards, 104 Mo. 125; State ex rel. v. Smith, 173 Mo. 398.

BRACE, C. J.—This is a proceeding by certiorari.

On the 27th of November, 1901, the Metropolitan Land Company instituted a suit in equity in the circuit court of Jackson county at Kansas City against James H. Manning, as defendant, to enjoin him from trespassing upon land in said city known as the Exposition Ball Park, of which said plaintiff claimed to be the owner and for damages for trespass thereon, and on the same day, upon the question therein, the court made the following order:

"Ordered that a restraining order be granted herein restraining the defendant, his servants and agents, from trespassing or entering upon the following described premises, being what is known as Exposition Ball Park, and more particularly described as follows [describing property], and from interfering, in any way, with plaintiff's enjoyment and use of said premises, until further order of this court.

"And it is further ordered that Porter B. Godard, of Kansas City, Missouri, receive twenty per cent of all the proceeds realized from the sale of tickets of admission to the game of football to be played on said premises Thursday, November 28, 1901, and retain and hold the twenty per cent until further order of this court, paying out of said twenty per cent any expense said Godard may incur in putting said premises in order for said game and in policing the same, and plaintiff and defendant be enjoined from receiving said receipts; and it is further ordered that said Godard have charge and manage said premises; this case to be continued to the 30th day of November, 1901."

On the 9th of December, 1901, said defendant filed his answer to the petition, and on the 13th of December, 1901, filed his motion to dissolve the injunction. On December 14, 1901, the following proceedings were had in said cause:

"Now plaintiff files reply to answer of defendant, and thereupon this cause being called for trial on the pleadings and motion to dissolve the injunction, the parties appearing in person and by attorneys, and after a portion of the evidence was heard the further hearing thereof is continued until December 23, 1901, and the restraining order is continued in full force and effect until December 23, 1901."

On December 23, 1901, Porter B. Godard filed his report as receiver, and on that day "all the evidence having been introduced" the cause was submitted and taken under advisement by the court, and afterwards on the 14th of April, 1902, the following proceedings and order were entered of record:

"Now, on this day, this cause having been heretofore heard upon the motion to dissolve the temporary injunction heretofore granted herein, and the court having seen, heard and examined the petition, answer and reply made and filed in said cause by the counsel for the respective parties, and taken the same under

advisement, and being now fully advised in the premises, finds the issues on said motion in favor of the defendant, and does order, adjudge and decree that said motion be and the same is hereby sustained, and said temporary injunction be and the same is hereby dissolved.

"And it is further ordered, adjudged and decreed by the court that Porter B. Godard, heretofore appointed by this court receiver in this cause subject to the order of this court, be and he is hereby allowed to have and retain of the funds now in his hands as such receiver the sum of one hundred and seventeen dollars as compensation as receiver, and that the report of said receiver heretofore filed herein, showing that as such receiver he expended the sum of $150.05 in the discharge of his duties as such receiver, be and the same is hereby approved in all things; and that said receiver be credited with said sum of $150.05 so expended, and with the further sum of $117 hereinbefore allowed to him as aforesaid; and that he pay over and deliver to James H. Manning, defendant above-named, the sum of $1100, the same being the balance in his hands of the total sum of $1,367.05 received by him as twenty per cent of the proceeds of said foot ball game, after paying the costs and expenses incurred by him as such receiver, and that said Godard be fully and finally discharged as such receiver upon filing in this court a full receipt of James H. Manning for said sum of $1,100."

From this order the plaintiff appealed to the Kansas City Court of Appeals, in which court, the appeal was heard in due course, and on the 5th of January, 1903, the following judgment was rendered and entered of record in said court:

"Now at this day come again the parties aforesaid by their respective attorneys and the court here being now sufficiently advised of and concerning the premises, doth consider and adjudge that the judgment aforesaid in form aforesaid by the said circuit court of

Jackson county rendered, be reversed, annulled and for naught held and esteemed, and that the said appellant be restored to all things which it has lost by reason of the said judgment. It is further considered and adjudged by the court that the said cause be remanded to the said circuit court of Jackson county with directions that the trial court make all necessary orders in discharge of the receivership and render judgment for the plaintiff, and that the said appellant recover from the said respondent the costs and charges herein expended and have therefor execution.''

And in pursuance thereof said court of appeals issued its mandate to the circuit court, which was filed in the office of the clerk of said court on the 6th of March, 1903.

Afterwards, on the 11th of April, 1903, the defendant filed an amended answer and counterclaim in said cause. On June 19, 1903, the plaintiff filed its motion asking that said cause be restored to the docket, and that judgment therein be rendered in compliance with the terms of said mandate, and on June 27, 1903, the defendant filed his motion asking that the cause be docketed for trial. Afterwards these motions coming on to be heard on the 16th of April, 1904, the following order was made and entered of record thereon on that day:

''Now on this day come the parties to the above-entitled cause, both plaintiff and defendant, by their respective attorneys, and the motion of the plaintiff heretofore filed herein for the restoration of this cause to the docket and for judgment in compliance with the terms of the mandate of the Kansas City Court of Appeals heretofore filed herein, and the motion of the defendant to set this cause on the docket for trial, having both been taken up, argued and submitted, and the court having fully considered the same, doth sustain both of said motions, and doth hereby order that said cause be, and the same is, now restored to and entered upon the

trial docket of this court. And it is further ordered that in compliance with the mandate of the Kansas City Court of Appeals, hereinbefore filed in this court in this cause, the entry and judgment of this court made on the 14th day of April, 1902, sustaining defendant's motion to dissolve the injunction herein heretofore issued, be and the same is hereby set aside, and the said motion of defendant to dissolve said injunction is now overruled and the said injunction is continued in force until the final hearing of this cause, to which action and ruling of the court defendant excepts.

"It is further ordered by the court that this cause be set for final hearing upon the trial docket of the court on the — day of April, 1904, and that the same be tried on that day, or as soon thereafter as may suit the convenience of the court, and that the court reserve the right to make and enter all necessary orders and judgments herein as right and justice may require."

Afterwards on the 25th of April, 1904, on the relation of the plaintiff, the Kansas City Court of Appeals issued an alternative writ of mandamus commanding Shannon C. Douglass, judge of said circuit court, forthwith "to comply with the terms of said judgment and mandate of this court in said cause, and make all necessary orders in discharge of said receivership in said cause, and render final judgment therein for plaintiff as prayed for in said petition, or show cause before this court at Kansas City, Missouri, on the 16th of May, 1904, why you should not do so."

On the 16th of May, 1904, Judge Douglass made return to said alternative writ, setting up therein the record of said cause in the circuit court and the court of appeals, and in addition thereto made the following further return:

"That said cause now stands upon the docket of said court for a final hearing thereon in said court; that said decision and entry made in said cause was deemed by the respondent to be in compliance with

the mandate of the Kansas City Court of Appeals made in said cause, inasmuch as the merits of said controversy had never been inquired into and no final judgment had ever been made, or entered therein, the appeal heretofore having been taken from an interlocutory order of the court dissolving the temporary injunction.

"Respondent, for a further return to the alternative writ herein, says that the issue of a peremptory writ herein should be denied, because the alternative writ does not state facts sufficient to authorize the court to issue a peremptory writ herein.

"For a further return respondent says that his action in reference to the mandate of this honorable court in the premises was a judicial act, and this court has no power or jurisdiction, by the writ of mandamus, to control or direct respondent's judicial acts.

"For a further return, respondent says that the effect of issuing a peremptory writ of mandamus in this case would be to deprive the defendant in the case of Metropolitan Land Company v. Manning, referred to in the alternative writ, of his property without due process of law, contrary to the provisions of section 30 of article 2 of the Constitution of the State of Missouri, and contrary to the provisions of section 1 of article 14 of the amendments to the Constitution of the United States.

"For a further return, respondent says that the effect of issuing a peremptory writ of mandamus in this case would be to deprive the defendant in the case of Metropolitan Land Company v. Manning mentioned herein, of the right of a trial by jury, contrary to section 28 of article 2 of the Constitution of the State of Missouri, and would close the courts of justice against the defendant therein, contrary to section 10 of article 2 of the Constitution of the State of Missouri.

"For a further reply respondent says that in the case of Metropolitan Land Company v. Manning, re-

Vol 188 mo—12

ferred to herein, there was no assessment of damages and no judgment thereof has ever been had, and no testimony was ever introduced or heard upon the question of damages.

"For further reply, respondent denies each and every allegation of fact and record set out in the alternative writ herein that is not herein admitted.

"Having fully made return, your respondent prays that the issuance of a peremptory writ herein be denied, and that the alternative writ heretofore issued be dismissed."

Thereupon the said Metropolitan Land Company, relator therein, moved for a peremptory writ notwithstanding the return, which coming on to be heard on the 20th day of June, 1904, was on that day sustained, and the alternative writ made peremptory. After an unsuccessful motion for a rehearing therein, this writ of certiorari to the judges of the Kansas City Court of Appeals was sued out by the said Manning and Douglass and in compliance therewith the respondents have returned the records in said cause, from which the foregoing statement is made. The respondents move to quash the writ and dismiss the cause, and thus the question is presented.

The entry made by the circuit court on the original mandate of the court of appeals was an interlocutory order in favor of the plaintiff. The judgment which the circuit court was required to enter by the mandate and peremptory writ of the court of appeals was a final judgment for the plaintiff, and the precise question raised upon the record, to which we alone look *in certiorari*, is, Did the Kansas Court of Appeals have power on the appeal in question, to direct a final judgment for plaintiff?

(1) By statute it is provided that the plaintiff in a civil action after having filed his petition, may, in a proper case, have a temporary injunction, and that, "after the answer is filed, a motion may be made at

any time in term to dissolve the injunction, and upon such motion the parties may introduce testimony to support the petition and answer, and the court shall decide the motion upon the weight of the testimony, without being bound to take the answer as true.'' [R. S. 1899, sec. 3644.] The order of the court on such motion, is necessarily interlocutory in its character. As is well said in a recent text-book on Practice: ''The order made on a motion to dissolve is interlocutory merely and is not a final decree; and whether the injunction be dissolved or not, the order in no way affects the substantial rights of the parties, and does not dispose of the main cause in any degree, nor preclude the court from considering the rights of the parties on the final hearing and rendering a final decree. The dissolution of the injunction restores the status existing prior to the issuance of the injunction, and secures to the defendant the right to do and continue the acts enjoined, and the cause proceeds as if there never had been any injunction.'' [10 Ency. of Plead. and Prac.; 1089.] And to the same purport are our rulings on the subject. [Tanner v. Irwin, 1 Mo. 66; Johnson v. Board of Education, 65 Mo. 47; Cohn v. Lehman, 93 Mo. 574; Rose v. Township Board, 163 Mo. 396.] As was said in Cohn v. Lehman, supra, ''The dissolution of a temporary injunction on the coming in of the answer, or on motion before final hearing, is necessarily provisional in its character, and can in no sense be considered a final disposition of the injunction, as upon the final hearing it may be reinstated and made perpetual, or the bill may be dismissed, in which case, where the statute authorizes it, damages may be assessed upon the bond, and in such cases, as also where there is no such statutory authority, a right of action accrues on the bond for damages. This right of action on the bond cannot accrue until there has been a final decree in the cause in which the bond is given; the order dissolving an injunction before final hearing is interlocu-

tory merely, from which no appeal would lie.'' The statute in force when this decision was rendered has since been amended. [Laws 1891, p. 70; Laws 1895, p. 91; R. S. 1899, sec. 806.] And as amended the statute now provides that an appeal may be taken ''from any order . . . dissolving an injunction,'' but providing that ''a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on appeal taken from the final judgment in the case.'' This statute in no way changes the character of an order dissolving an injunction on motion before final hearing, but on the contrary emphasizes its interlocutory character and makes provision for it. Such was the character of the order of the circuit court of Jackson county in the case of the Metropolitan Land Company v. Manning, from which the appeal was taken to the Kansas City Court of Appeals, as is manifest on the face of the record. The fact that on the motion to dissolve testimony may have been heard bearing upon the merits of the whole case, and in the decision thereupon the account of the receiver appointed by the court upon its own motion as an adjunct of the temporary injunction may have been settled, in no way affects the character of the order appealed from. It was nothing more nor less than an interlocutory order dissolving a temporary injunction before final judgment. That such an order was appealable, that the Kansas City Court of Appeals had jurisdiction of that appeal, and that this court has no power to interfere with the legitimate exercise of that jurisdiction by the Kansas City Court of Appeals, is beyond question. But if that court, in the exercise of its conceded jurisdiction, exceeds the bounds thereof, and in its judgment undertakes to dispose of a matter not before it on the appeal, then as to such excess this court has the power to interfere by *certiorari* under the provision of the Constitution which gives the Su-

preme Court superintending control over the courts of appeals, by mandamus, prohibition and *certiorari*. [Const. Am. 1884, sec. 8.]   The leading object of such control is to keep those courts within the limits of their legitimate jurisdiction.

The jurisdiction of the Kansas City Court of Appeals in the case of Metropolitan Land Company v. Manning was wholly appellate.   It had jurisdiction of only so much of that case as was brought there by the appeal from the interlocutory order dissolving the injunction, and when upon such appeal that court, by its judgment, went beyond the subject-matter of the appeal and undertook to dispose of the whole case, and direct a final judgment, to that extent it was exceeding its appellate and was exercising original jurisdiction, and made its judgment so in excess of its jurisdiction amenable to the corrective power of a writ of *certiorari* from this court.   [State ex rel. v. Smith, 176 Mo. 90.] Jurisdiction of the appeal must not be confounded with jurisdiction of the case.   Hence the motion to quash the writ herein and dismiss the cause will be overruled, and it is further ordered that so much of the judgment and mandate of the Kansas City Court of Appeals in the case of the Metropolitan Land Company v. James Manning as directs a final judgment for the plaintiff therein, and the writ of mandamus in the case of the Metropolitan Land Company v. Shannon Douglass, be quashed.

All concur.