WILLIAM F. RALPH, Administrator, ET. AL., Appellants, v. ANNUITY REALTY COMPANY ET AL.—28 S. W. (2d) 662.

Division One, June 3, 1930.

*Christian F. Schneider* for appellants.

*Nagel & Kirby, Bryan, Williams & Cave, Wilfley, Williams, McIntyre & Nelson, Lewis & Rice* and *Charles P. Williams* for respondents.

RAGLAND, J.—On the 18th day of December, 1915, there was filed in the Circuit Court of the City of St. Louis, a suit in equity styled Christian J. Zeitinger et al., plaintiffs, v. Hargadine-McKittrick Dry Goods Company et al., defendants. The plaintiffs were said Christian J. Zeitinger, George E. Zeitinger and Gus Ralph: the defendants were the Hargadine-McKittrick Dry Goods Company, a corporation, its officers and directors and other persons and corporations alleged in the petition to have benefited through a diversion and misappropriation of the corporation's assets. The suit was brought by the plaintiffs as stockholders of the Dry Goods Company for the benefit of said corporation and other stockholders similarly situated: the petition charged that certain officers of the Dry Goods Company, defendants in the suit, had misappropriated a large part of its assets; the prayer was for an accounting, the appointment of a receiver and other equitable relief.

A trial of the cause just mentioned was had in the said circuit court, resulting in an interlocutory decree, on the 8th day of January, 1917, in which the principal issues tendered by the petition were adjudged in favor of the plaintiffs, and a receiver was appointed to carry the decree into effect. Thereafter the defendant, Hargadine-McKittrick Dry Goods Company, was allowed an appeal to the Supreme Court from the order of the circuit court refusing to revoke the order appointing a receiver: the appeal was lodged in Division Two. On February 5, 1919, pursuant to stipulations presented to it, and which purported to be signed by all the parties to the suit, Division Two reversed the interlocutory decree and remanded the cause with directions to the circuit court: to tax against appellant certain costs and order them paid out of the corpus of the estate in the hands of the receiver, "and to make such further orders and entries as may be necessary to dispose of the litigation and estate in the said circuit court in accordance with said stipulations of the parties filed in this court and those heretofore executed and to be filed in said circuit court,

and thereupon to dismiss the plaintiffs' (respondents') petition herein in accordance with the said stipulations.''

When the cause again reached the circuit court, that court proceeded to carry out the provisions of the stipulations of the parties as directed by the mandate of the Supreme Court. As to some of the parties to the suit the stipulations had been signed by their attorneys and not by themselves in person. The stipulations provided: ''That if said stipulations are signed by any attorney, or agents, such attorney or agent shall deliver his or their written authority to act and bind his or their principals.'' When the stipulations had been complied with except as to the final acts they provided for, namely, the return of the assets, remaining after disbursements of costs, to the Dry Goods Company and the dismissal of the suit, a question was raised as to whether plaintiffs' counsel had been authorized by their respective principals to sign the stipulations. Thereupon the defendant Dry Goods Company filed a motion in the circuit court for an order on the plaintiffs ''to show cause, if any they have, by a day certain, why an order should not be entered herein finding as a fact that said plaintiffs and intervening plaintiffs and each of them did in fact authorize the said attorneys to enter into said stipulations or did in fact ratify or become estopped by their conduct to deny the authority and act of the said attorneys in entering into the said stipulations and finding, and directing that the stipulations and each of them became and are valid, effective and binding upon all the plaintiffs and intervening plaintiffs and each of them.''

The order was made as asked. In their return to the order, plaintiffs, Christian J. and George E. Zeitinger, among other things alleged:

(a) ''That if such stipulations as these upon which the mandate of the Supreme Court filed in this cause on February 5, 1919, purports to have been based were signed in behalf of plaintiffs and filed in said Supreme Court, they were so signed and filed without authority, express or implied, from and without the knowledge or consent of these plaintiffs, or either of them, or of any one for them;

(b) ''That in truth and fact one of said original plaintiffs, Gus Ralph, was dead long before the said stipulations were said to have been filed or purported to have been executed;

(c) ''That said judgment and decree of said Missouri Supreme Court was without and in excess of the jurisdiction of that court in said cause in this, that it attempted thereby to dispose of and compromise the entire suit and its merits, whereas the appeal then pending in said Supreme Court was only from the interlocutory order appointing a receiver; and

(d) ''That said judgment of said Missouri Supreme Court rendered on February 5, 1919, on said appeal was procured by a

fraud practiced upon the said Missouri Supreme Court in this, that it was obtained upon the representation that all of the parties to said suit had agreed to same, and that the attorneys for plaintiffs had lawful authority to sign and execute the said alleged stipulations on behalf of plaintiffs in said suit and to make such compromise contained in said stipulations, whereas, in truth and fact plaintiffs and interveners had not agreed to such judgment and had no knowledge of the provisions of the stipulation presented to said Supreme Court, and attorney for plaintiffs and interveners had no such authority.''

On all the matters put in issue by the motion for an order to show cause and the return to said order the circuit court found against the plaintiffs and in favor of the movent, the defendant Hargadine-McKittrick Dry Goods Company. From the court's finding and judgment therein the plaintiffs appealed to the Supreme Court and on such appeal the judgment of the circuit court was in all things affirmed. [Zeitinger v. Hargadine-McKittrick Dry Goods Company, 309 Mo. 433.]

The present suit was instituted by the two Zeitingers, the administrator of the estate of Gus Ralph, deceased, and other stockholders of the Hargadine-McKittrick Dry Goods Company, as plaintiffs, against the same persons and corporations who were made defendants in the original proceeding, commenced in December, 1915. It is, however, an independent suit in equity to set aside the judgment of Division Two of the Supreme Court, rendered February 5, 1919, setting up as grounds for the relief sought the same grounds alleged by plaintiffs in their return to the order to show cause above set forth. The entire record in the original cause, including the two appeals, are incorporated in the petition by reference, and the opinion in Zeitinger v. Hargadine-McKittrick Dry Goods Co., supra, is hereby referred to for a full statement of the facts.

The defendants demurred to the petition, on the ground, among others:

''That it appears on the face of the amended petition that the cause of action attempted to be alleged therein has been fully adjudicated, settled and extinguished in said cause entitled, as aforesaid, Christian J. Zeitinger et al., plaintiff, v. Hargadine-McKittrick Dry Goods Company et al., defendants, No. 1179B of causes in this court, and the Supreme Court of Missouri has in the appeal mentioned in said amended petition (being cause entitled in said court, Christian J. Zeitinger et al., appellants, v. Hargadine-McKittrick Dry Goods Company, respondent, No. 23962, to the October Term, 1923, of said court), affirmed the judgment of the circuit court in the cause in said circuit court last above named, by which said circuit court held, adjudged and decreed that the Hargadine-

McKittrick Dry Goods Company and all of its stockholders (which includes the plaintiffs herein), were and are bound by the settlement of said cause of action evidenced by said stipulations of settlement, wherein and whereby the same cause of action herein sued upon was conclusively settled and extinguished.''

The plaintiffs declining to further plead, final judgment was rendered on the demurrer. From such judgment plaintiffs prosecute this appeal.

From what has been said it is manifest that every ground upon which appellants (plaintiffs) in this cause seek relief from the judgment of Division Two of the Supreme Court, rendered February 5, 1919 (in what is called the First Zeitinger Appeal), was passed upon and adjudged aversely to their contentions then, and now, by the circuit court in which the original cause was then pending, and that such judgment was affirmed by this court in Zeitinger v. Hargadine-McKittrick Dry Goods Company, supra, referred to in the briefs as the Second Zeitinger Appeal. These matters appear on the face of the petition. To avoid the necessary implications of res ad· judicata, the appellants contend:

''First. Gus Ralph being dead, the judgment was and is null and void;

''Second. What they did in the Zeitinger suit was done under and in pursuance and obedience of an order on them in that suit to show cause;

''Third. That was not a proper proceeding to test the validity of said alleged compromise judgment; and,

''Fourth. In that case it was the duty of the court to carry out and into effect the mandate of the Missouri Supreme Court, even though it be not regular, regardless of the contentions made in that suit in response to the order to show cause issued at the instance of defendant herein, Hargadine-McKittrick Dry Goods Company, or the evidence introduced under said order and the return of the plaintiff Zeitinger to said order to show cause. Therefore, all acts and proceedings of the parties in that suit not in accordance with the judgment contained in the mandate are null and void and count for naught.''

All of the foregoing contentions in their final analysis rest upon whether the supplementary proceeding had in the circuit court, wherein the plaintiffs were required to show why the judgment of the Supreme Court on the First Zeitinger Appeal should not be held to be valid and binding upon them, was ''a proper proceeding to test the validity of said compromise judgment.'' If it was, Gus Ralph's prior death has been adjudged to have in no wise affected the validity of the judgment. [Zeitinger v. Hargadine-Mc-Kittrick Dry Goods Company, supra, pp. 454-455.] And whether

plaintiffs voluntarily or involuntarily responded to the order to show cause is of no consequence: the pertinent facts being that in response to the order they directly attacked the judgment upon the very same grounds upon which they attack it now and upon the issues so joined lost. We proceed therefore to a consideration of appellants' third contention, the fourth being a mere amplification of the third.

In considering the contention we accept appellants' premise that the only jurisdiction the circuit court had upon the remand of the cause on the First Zeitinger Appeal was to carry out the mandate of the Supreme Court. The mandate directed the circuit court "to make such further orders and entries as may be necessary to dispose of the litigation and the estate .. .. ... in accordance with said stipulations of the parties .. . . and thereupon to dismiss the plaintiffs' petition herein in accordance with said stipulation;" the "said stipulations" provided that before certain of them be carried out the attorneys who had signed the stipulations for their principal should deliver their written authority so "to act and bind . . . their principals." The Zeitingers, who were plaintiffs in that case and who are plaintiffs in this, were endeavoring to repudiate the acts of their attorneys in signing the stipulations. It was necessary therefore for the circuit court, in order to carry out the mandate of the Supreme Court— "to dispose of the litigation and estate . . . in accordance with said stipulations"—to determine whether the attorneys who had signed the stipulations had been previously authorized in writing to do so and, if not, whether their acts in that respect had been subsequently ratified in writing by their respective principals. The circuit court's jurisdiction with respect to that issue is therefore incontrovertible.

The point made with reference to the death of Gus Ralph is that he died prior to the signing of the stipulations and consequently whatever authority his attorneys may have had with respect thereto was revoked by his death. Ralph's death was unkown to Division Two when it rendered the judgment against which relief was sought. The judgment itself was based on the premise that the stipulations had been agreed to by all parties to the suit; and it in effect provided that evidence of their respective assents thereto should be delivered in writing before the judgment became final and effectual. The authority of the circuit court to determine whether the parties had so agreed and whether their agreements, if any, had been so evidenced was necessarily implied in the judgment and mandate. The question of whether Ralph's prior death rendered the stipulations ineffectual clearly fell within the general scope of that authority.

In the supplementary proceeding had in the circuit court, wherein the plaintiffs (appellants here) were called upon to show cause why the stipulations should not be adjudged valid and binding upon them, one of the grounds of the invalidity asserted by them was that the judgment of the Supreme Court, giving effect to the stipulations, was void because in excess of that court's jurisdiction. In other words, they contended that on the appeal from the interlocutory order refusing to revoke the appointment of a receiver the Supreme Court was without jurisdiction to render any judgment touching the merits of the cause; if their contention was sound the judgment was wholly void, binding neither the parties to the action nor the circuit court to which the cause was remanded. A *void* judgment of an appellate court has no more efficacy than the void judgment of any other court. It is nothing. Whether or not the judgment was a nullity on its face the circuit court had the inherent power to determine when called upon to enforce the mandate thereof.

The conclusions announced in the preceding paragraphs are in harmony with the holdings of the court in Zeitinger v. HargadineMcKittrick Dry Goods Company, supra. Paragraph "IV," page 455, of the opinion in that case merely expresses the personal views of the writer, as the limited concurrence in the opinion of some of the judges makes obvious.

Appellants assert that this is the only direct attack that has been made on the judgment rendered on the First Zeitinger Appeal, implying that the attack made in the supplementary proceeding in the circuit court heretofore referred to was a collateral one. The distinctions made between direct and collateral attacks on judgments are often shadowy. We are of the opinion that the attack made in the supplementary proceeding was direct, but whether it was or not is immaterial. This because no question of the attack being collateral was raised in that proceeding. [Zeitinger v. HargadineMcKittrick Dry Goods Company, supra.] The issues were fully heard and determined without regard to the form of the attack; such determination was therefore conclusive and binding on the parties. "If a judgment is attacked in a collateral proceeding, and the adverse party waives the form of attack, and the issues are determined by a court of competent jurisdiction, such determination is binding and conclusive upon the parties, unless set aside in some manner authorized by law. Neither party will thereafter be heard to say that the second judgment is not binding, because it was brought about by a collateral attack upon the first." [15 R. C. L. 837-838; In re Clifford, 37 Wash. 460.]

It appearing from the face of the petition that the matters and things sought to be litigated in this action are *res adjudicata* as to

all the parties, the demurrer was properly sustained. [Johnson v. United Railways, 243 Mo. 278.] The judgment of the circuit court is affirmed. All concur.