JOHN G. FARIS, G. V. FARIS and CHARLES FARIS, Appellants, v. CITY OF CARUTHERSVILLE, a Municipal Corporation.—162 S. W. (2d) 237.

Division One, April 16, 1942.

Rehearing Denied, June 3, 1942.

*Corbett & Peal* for appellants.

*Fred L. Henley* and *Ward & Reeves* for respondent.

456

CLARK, J.—In a suit to quiet title to certain land, judgment was rendered for the defendant, City of Caruthersville, by the circuit court of Pemiscot county, adjudging the title to be in the city as prayed in its crossbill, and plaintiffs have appealed.

We cull the following facts from the statement contained in appellants' brief. The land was formerly owned in fee simple by the appellants. It is situate within three miles of said city and adjoins Little Prairie Cemetery. In 1940 a suit was filed in said circuit court to condemn the land for public cemetery purposes as an enlargement

of Little Prairie Cemetery. The plaintiffs in that suit were the City of Caruthersville and six individuals who were described in the petition "as constituting more than five persons of the public in interest who reside near and within the vicinity of Little Prairie Cemetery, a public cemetery and burial ground of the dead, owned, controlled and maintained by the City of Caruthersville; and that the individual plaintiffs compose and constitute the board of commissioners of Little Prairie Cemetery." A demurrer was filed to that petition by the defendants, now the present appellants, one of the grounds of demurrer being that there was a defect of parties plaintiff. The trial court sustained the demurrer as to the city and overruled it as to the individual plaintiffs. Then the court appointed commissioners who in due time filed their report as to the damages due defendants for the appropriation of their land. The defendants filed exceptions to the report and, a jury being waived, the matter was heard by the court, the report confirmed, the money ordered paid into court for defendants, and judgment rendered divesting title from defendants and vesting it in the individual plaintiffs for public cemetery purposes and the enlargement of Little Prairie Cemetery.

The city paid into court the amount assessed by the commissioners and approved by the court. The defendants, present appellants, have never accepted the money and still retain possession of the land. The city appealed from the judgment rendered pursuant to the court's order sustaining the demurrer to the petition as to the city, and the defendants appealed from the judgment condemning their land. Both appeals went to the Springfield Court of Appeals in a joint abstract and were decided by that court in one opinion. [City of Caruthersville v. Faris (Mo. App.), 146 S. W. (2d) 80.]

The court of appeals, after a thorough review of the Missouri statutes relating to cemeteries, concluded that Little Prairie Cemetery belongs to that class of cemeteries the public easement to which is vested in a city of the third class, in this instance in the City of Caruthersville; that the city had the power to enlarge such cemetery, when necessary, by condemnation of adjoining land; that the cemetery is not of that type which may be acquired or enlarged by five or more individuals representing the public. The court held that the trial court had erred in sustaining the demurrer to the petition, as to the city, and had also erred in overruling the demurrer as to the individual plaintiffs. Then the court remanded the case with directions to sustain the demurrer as to the individuals, to overrule it as to the city, and to divest the title out of the defendants and to vest it in the city for cemetery purposes only. The concluding paragraph ▮▮▮▮ of the opinion is as follows:

"As the individual plaintiffs acted only as figure-heads and as representatives of the city, and as the money deposited in the court was the city's (this was admitted on the oral argument), the in-

dividual plaintiffs were merely improper parties, and the rights of the defendants were not prejudiced. Since this suit is a friendly one to determine the right of the city to condemn the defendants' property, the costs of the proceedings, including the costs in this court, should be taxed against the city. It is so ordered.''

The defendants in that case, appellants in this, filed no motion for rehearing or to modify the opinion. When the mandate went down, the trial court corrected its judgment to conform with the directions of the court of appeals and the then defendants filed no motion for a new trial and took no appeal.

Later the defendants in the former suit brought the instant action against the city alleging, among other things, that the decision of the court of appeals and the judgment of the circuit court rendered in conformity therewith are void, but constitute a cloud on plaintiffs' title. Plaintiffs asked to have this cloud removed and the title revested in them. On judgment being rendered for the city, plaintiffs have appealed to this court.

Appellants contend that when the court of appeals decided that the trial court had erred in sustaining the demurrer to the petition as to the city, it should have remanded the case for a trial between the city and the property owners; that it had no power or jurisdiction to direct the trial court to enter judgment on the merits in favor of the city in the condemnation case; that the effect of the decision is to deprive appellants of their property without due process of law and to deprive them of the right to trial by jury as guaranteed by the State Constitution. That the decision of the court of appeals and the judgment of the trial court rendered in conformity therewith are void for want of jurisdiction.

On their main contention, appellants cite State ex rel. v. Smith et al., 176 Mo. 90, 75 S. W. 586, and State ex rel. v. Smith et al., 188 Mo. 167, 86 S. W. 867. In each of these cases an opinion of the Kansas City Court of Appeals was brought to this court by certiorari. In the first case, 176 Mo. 90, a complaint had been filed in the circuit court seeking to disbar an attorney. The defendant filed an affidavit for change of venue. This was overruled and the court proceeded to try the case and rendered judgment of disbarment. The defendant appealed to the court of appeals, which court held the trial court had erred in refusing to grant a change of venue and had thereby lost jurisdiction to try the case; but, as the court of appeals had original as well as appellate jurisdiction in that type of action, it proceeded to try the case de novo on the evidence contained in the record and rendered judgment of disbarment. On certiorari we held that, as the case was originally filed in the circuit court, the court of appeals acquired appellate jurisdiction only and ordered that court to reverse the judgment of the circuit court with direction to grant the change of venue. In the other case, 188 Mo. 167, the trial court sustained defendant's motion to dissolve a temporary in-

junction. The plaintiff appealed from this interlocutory order and the court of appeals reversed the judgment with directions to render a final judgment granting a permanent injunction to the plaintiff. We held that the court of appeals acquired jurisdiction of only so much of the case as was brought to it by the appeal and did not have jurisdiction to render a final judgment on the merits. Those cases were correctly decided, but are not in point here.

In each of those cases the decision of the court of appeals was assailed in a direct attack, while in the instant case the attack is made in a collateral proceeding. Of course, if the judgment is void, not merely erroneous, it may be treated as a nullity even in a collateral proceeding and a void judgment of an appellate court has no more validity than a void judgment of any other court. [Ralph v. Annuity Realty Co., 325 Mo. 410, 28 S. W. (2d) 662.]

However, we do not believe that the judgment of the Springfield Court of Appeals, now under consideration, was beyond the scope of its appellate jurisdiction on the record of the case then before it nor that its decision was either void or erroneous. In that case the petition was jointly filed by the city and the individual plaintiffs. Both the city and the individual plaintiffs were represented by the same attorneys and were seeking the same object, to wit, to enlarge a public cemetery "owned, controlled and maintained by the city." The interest of the individual plaintiffs was not antagonistic to that of the city. In fact, the individual plaintiffs must have been mere agents appointed by the city to manage the cemetery, for they described themselves as a board of commissioners of a cemetery "owned, controlled and maintained" by the city. True, they also described themselves as "more than five persons of the public in interest who reside near and within the vicinity" of the cemetery, and may have done so out of abundance of caution to come within the terms of one of the statutes mentioned in the opinion of the court of appeals. But this latter allegation did not nullify the former one, nor indicate that the purpose of the individual plaintiffs was opposed to that of the city. Upon a consideration of the entire petition on demurrer, the question arose as to whether the suit should be brought by the city, by its agents constituting its board of commissioners, or by both the city and its agents jointly. After the demurrer was sustained as to the city, a jury was waived and the case proceeded to trial in the name of the individual plaintiffs, but they were still acting for and on behalf of the city with the object of enlarging a cemetery "owned, controlled and maintained" by the city. When the case reached the court of appeals, that court decided that the case should have been conducted in the name of the city, but, as it had been tried for and on behalf of the city and every legal right had been accorded to the defendants, there was no necessity of sending the case back for a new trial. In so deciding, the court of appeals did not transcend the scope of its appellate jurisdiction. It

merely decided that on the record the title for cemetery purposes should be vested in the city rather than in the city's agents and directed the trial court to correct its judgment accordingly.

Notwithstanding the fact that the demurrer was sustained as to the city it continued as the real plaintiff, conducting the trial through its agents. The then defendants, present appellants, had a trial on the merits with the city as the real plaintiff and, therefore, have not been deprived of due process. Neither were they denied the right to trial by jury for they could and did waive that right. [Hecker v. Bleish, 327 Mo. 377, 37 S. W. (2d) 444.]

The city pleaded the decision of the court of appeals and the judgment of the circuit court rendered in obedience to that decision as res judicata in bar of appellants' alleged cause of action. The trial court correctly sustained the city's plea. [Hurt v. Edwards, 347 Mo. 667, 148 S. W. (2d) 542.]

Accordingly, the judgment is hereby affirmed. All concur.