MARY LOIS McINTOSH, Appellant, v. CHARLES WIGGINS ET AL.—No. 40181.—204 S. W. (2d) 770.

Division One, July 14, 1947.

Rehearing Denied, September 8, 1947.

*Paul Bakewell, Jr.,* for appellant; *Claude I. Bakewell* and *John E. Cramer, Jr.,* of counsel.

*Shepley, Kroeger, Fisse & Ingamells* and *Lehmann & Allen* for respondents.

HYDE, J.—This is an appeal from the judgment entered on our mandate in McIntosh v. Wiggins, 354 Mo. 747, 191 S. W. (2d) 637, in which we remanded the cause "with directions to declare that, under the original will construction decree by which respondent (appellant herein) is bound, respondent's right to the possession and enjoyment of the 1/12 interest here in dispute vested in her on October 17, 1942; and to enjoin the further prosecution of respondent's claim for income and interest." October 17, 1942, was the date of the death of Mrs. Ella L. Wiggins who claimed a life estate in the interest involved. The facts concerning the entire controversy may be found in our opinion, supra.

The judgment entered on our mandate, from which this appeal is taken, is as follows:

"1. That plaintiff, Mary Lois McIntosh, is bound by the original will construction decree of the Circuit Court of the City of St. Louis, entered on June 22, 1923, entitled Wiggins et al. v. Perry et al., being Cause No. 34209B and that under said decree plaintiff's right to the possession and enjoyment of the 1/12th interest in dispute in this case vested in her on October 17, 1942.

"2. That the plaintiff, Mary Lois McIntosh, her heirs, successors and assigns and her agents and attorneys be, and the same are, hereby enjoined and restrained from in any wise further prosecuting her claim for income and interest made in this case.

930

"3. Costs to be taxed against plaintiff."

Appellant's notice of appeal also specifies an appeal from the order overruling her motion to declare void the judgment and decree entered herein; but this is not an appealable order under Section 126 of our Code. [Section 847.126 Mo. Stat. Ann.; as to motion to set aside under Section 1267, R. S. 1939 for error patent on the record see Wooten v. Friedberg, 355 Mo. 756, 198 S. W. (2d) 1.] However, the appeal from the judgment herein is timely, so we will disregard this part of the notice as surplusage. We also overrule respondent's motion to dismiss appeal, based on form of statement, but without approval of the statement contained in appellant's brief.

Usually on such an appeal the only question this court can consider is whether the judgment entered is in compliance with our mandate. [Booth v. Scott (Mo. Sup.), 240 S. W. 217; see also Hoelzel v. Chicago, R. I. & P. R. Co., 340 Mo. 793, 102 S. W. (2d) 577; Prasse v. Prasse, 342 Mo. 388, 115 S. W. (2d) 807 and cases cited.] There can be no question here about the compliance of the above judgment with the directions of our mandate. However, appellant contends that our judgment, directing its entry, is void. Of course, "a void judgment of an appellate court has no more efficacy than the void judgment of any other court." [Ralph v. Annuity Realty Co., 325 Mo. 410, 28 S. W. (2d) 662; Faris v. City of Caruthersville, 349 Mo. 454, 162 S. W. (2d) 237.] "If the judgment is really void, any kind of proceeding to cancel it would be proper." [State ex rel. Aquamsi Land Co. v. Hostetter, 336 Mo. 391, 79 S. W. (2d) 463; See also Hankins v. Smarr, 345 Mo. 973, 137 S. W. (2d) 499.] Therefore, appellant may properly raise that question on this appeal. The basis of appellant's contention is her claim that the decree entered on June 22, 1923, in the original will construction case (hereinafter called the original decree) was void. The original case was Wiggins v. Perry (Mo. Sup.), 271 S. W. 815; and appellant claims that all subsequent judgments based on it on the theory that it had adjudicated appellant's rights are void because it was void.

Appellant argues that the decree in the original will construction case is void because it was in violation of mandatory statutes, namely, Sections 563, 3498, 3500, and 3504. (R. S. 1939 and Mo. Stat. Ann.) She claims these statutes required the court to hold that her title would vest upon the death of the first life tenant. (This was appellant's mother who died August 10, 1928.) Therefore, appellant's claim is that the judgment of this court in the first appeal in this case (191 S. W. (2d) 637) is also void because it held she was barred by the rule of res judicata so as to be bound by the original decree. Likewise, appellant claims that the judgments in the two cases she prosecuted in Federal Courts, to be relieved from the original decree, are also void because they were based on this same original decree and held it to be res judicata as to any claims by her

to the property involved. These cases were Perry v. Wiggins, 57 Fed. (2d) 622, certiorari denied 287 U. S. 609, 53 S. Ct. 12, 77 L. Ed. 529 and McIntosh v. Wiggins, 123 Fed. (2d) 316, certiorari denied, 315 U. S. 815, 62 S. Ct. 800, 86 L. Ed. 1213, rehearing denied 315 U. S. 831, 62 S. Ct. 914, 86 L. Ed. 1224. Her contention is that if the original decree was void "all proceedings founded upon it are equally worthless", citing Ripley v. Bank of Skidmore, 355 Mo. 897, 198 S. W. (2d) 861.

A void judgment is a nullity, without any force and effect whatever, and could not be res judicata. [30 Am. Jur. 939, Sec. 198; 31 Am. Jur. 91, Sec. 430; 34 C. J. 768, Sec. 1183, p. 899, Sec. 1310; Ripley v. Bank of Skidmore, 355 Mo. 897, 198 S. W. (2d) 861.] However, nothing is better settled than the principle that an erroneous judgment has the same effect as to res judicata as a correct one. [30 Am. Jur. 938, Sec. 195, p. 939, Sec. 198; 34 C. J. 768, Sec. 1184; Barnett v. Smart, 158 Mo. 167, 59 S. W. 235; United States ex rel. and to use of First National Bank v. Lufcy, 329 Mo. 1224, 49 S. W. (2d) 8; McIntosh v. Wiggins, 123 Fed. (2d) 316 supra; State ex rel. Metropolitan Life Ins. Co. v. Hughes, 347 Mo. 549, 148 S. W. (2d) 576.] It may be conceded that the ■ original decree was erroneous. We so held in Kennard v. Wiggins, 349 Mo. 283, 160 S. W. (2d) 706. Nevertheless, we do not see how it can be held to be absolutely void and a nullity. The court that entered it had jurisdiction of the subject matter and the parties. They were personally served with summons. Appellant, although of legal age, and married, ignored the case and did not appear or obtain representation by counsel. Appellant says the court had no power to adjudge title contrary to mandatory statutes, citing Harbison v. Swan, 58 Mo. 147; Brown v. Rodgers, 125 Mo. 392, 28 S. W. 630; Lemmons v. Reynolds, 170 Mo. 227, 71 S. W. 135 (overruled in Holloway v. Burke, 336 Mo. 380, 79 S. W. (2d) 104); State ex rel. Ellis v. Brown, 326 Mo. 627, 33 S. W. (2d) 104; Denny v. Guyton, 327 Mo. 1030, 40 S. W. (2d) 562; State ex rel. and to the use of Abeille Fire Ins. Co. v. Sevier, 335 Mo. 269, 73 S. W. (2d) 361. However, none of these cases held that a court would have no authority to decide whether and to what extent the statutes, upon which appellant now relies, applied to the facts and the provisions of a will before it for construction. Nor do they hold that an erroneous decision as to such application makes the judgment a nullity. (Lemmons v. Reynolds, supra, decided that a statute applied to a certain situation, to which we later held, in Holloway v. Burke, supra, it had no application.) Such a doctrine would dangerously unsettle land titles. On the contrary, we have held "that, when a court has jurisdiction, it has jurisdiction to commit error." [State ex rel. McGrew Coal Co. v. Ragland, 339 Mo. 452, 97 S. W. (2d) 113.] Therefore, "no error in the exercise of such jurisdiction can make the judgment void", nor

can. "errors of law in connection therewith." [31 Am. Jur. 66, Sec. 401; see also 49 C. J. S. 878, Sec. 449.] State ex rel. v. Sevier, supra, held void an attempt by a court to make an order which it did not have jurisdiction to make. [See also State ex rel. Missouri State Life Ins. Co. v. Hall, 330 Mo. 1107, 52 S. W. (2d) 174.] Attempting to exercise jurisdiction, which a statute prohibits a court from exercising, is a very different matter from making an erroneous decision as to the construction or application of a statute in a case which the court has jurisdiction to decide.

The construction made in the original decree was not an impossible construction in the sense that there could be no such estate. (An estate for the lives of two persons, vesting in them jointly, with the whole life estate going to the survivor.) The question was one of construction of the language of the will to determine the intent of the testator and it was the purpose of the action to construe his will. This language was not clear and unambiguous; the will was long and involved. Certainly it was not a matter about which there could be no reasonable difference of opinion. As we said in the Kennard case (160 S. W. (2d) 1. c. 713) : "Able lawyers differ on the construction of wills and other written instruments, as the case law of all judisdictions abundantly discloses." If they disagree on a construction made by the trial court, which is not an impossible construction, the remedy is by appeal and not by attacking it as a void judgment in another proceeding. We think that is the situation here.

Appellant at first recognized that the original decree was not a nullity because she attempted to have it changed by a nunc pro tunc entry. [Wiggins v. Perry, 343 Mo. 40, 119 S. W. (2d) 839.] In the Kennard case we did not hold the original decree void but ruled only that Mrs. Kennard should be relieved of the effect of that part of the decree subjecting her interest to a life estate in Mrs. Wiggins. This was because she was a minor at the time and her guardian ad litem and his attorney had acted beyond the scope of their authority in suggesting and consenting to the provision in the decree which would unfavorably affect her interest. We, therefore, hold that the original will construction decree was not a nullity.

Appellant states as another ground, for holding the original decree and all subsequent judgments invalid, that "when a Court inadvertently determines that the title to the same property is in two different people at the same time its judgment is void and of no effect", citing 1 Black on Judgments (2nd Edition), p. 9, Sec. 3; Gage v. Downey, 94 Cal. 241, 29 Pac. 635; Welch v. Louis, 31 Ill. 446, p. 456; Whitesides v. Lackey, 1 Litl. (Ky.) 80, p. 82. However, these authorities refer to conflicting rulings in the same case. That is not the situation here because the rights of appellant and Mrs. Kennard are fixed by separate judgments. This contention is in fact a re-argument of the contentions made by appellant on

the first appeal herein, namely: that "the original decree and the Kennard decree construed the same will; that both operated directly on the title to the same property; that the will provided equal interests to respondent and Mrs. Kennard, vesting at the same time; that the two decrees construing the same will are squarely in conflict with each other, fix different vesting dates and different interests; that the two decrees cannot stand together; and that the Kennard decree, the last in point of time, controls and vests title to respondent's 1/12 interest in her as of August 10, 1928." (191 S. W. (2d) l. c. 640, 641.) All this was decided against her in that opinion.

In that opinion (191 S. W. (2d) l. c. 640, 642), we held that "there is no conflict between the original will construction decree and the Kennard decree, so far as concerns (appellant herein)"; that "the original will construction decree continued in force and effect as to (appellant herein)"; and that "her interest under said decree vested upon Mrs. Wiggins' death, October 17, 1942." Most of appellant's brief is a re-argument upon these issues, attempting to show why our rulings in our opinion on the first appeal herein were erroneous. The time for that has gone by; appellant did re-argue those issues extensively in her motion for rehearing and suggestions on that appeal. The cases cited by appellant, such as Dunn v. Alton R. Co., 340 Mo. 1037, 104 S. W. (2d) 311, concerning correction of an erroneous ruling on a second appeal, refer to an appeal after a remand for a new trial and are not in point here. As we said in the Prasse case, supra, (115 S. W. (2d) l. c. 809): "Justice demands that the litigation of a controversy must reach an end. After a case has been finally determined by this court, it is fundamental that the trial court is bound to follow our directions. After it has done so, then to permit the same controversy to be kept alive and to be repeatedly shuttled back to this court for further review and back to the trial court for further action would interminably postpone its reaching an end." [See also Hunter v. Delta Realty Co., 350 Mo. 1123, 169 S. W. (2d) 936; Hurt v. Edwards, 347 Mo. 667, 148 S. W. (2d) 542; Sabol v. St. Louis Cooperage Co. (Mo. Sup.), 31 S. W. (2d) 1041.] It is most unfortunate and regrettable that appellant did not protect her interests by employing counsel to represent her in the original will construction case. However, there is no remedy now available to relieve her of the effect of the decree entered almost a quarter of a century ago as a result of such default.

The judgment is affirmed. All concur.