## THE STATE ex rel. SCOTT v. SMITH et al., Judges.

### In Banc, June 15, 1903.

1. **Certiorari: MATTERS CONSIDERED.** Certiorari is one of the methods
   by which the Supreme Court exercises its superintending control
   over the Courts of Appeals, but such writ only brings up the record,
   and the Supreme Court will only consider such errors as appear
   upon the face of the record and are jurisdictional in their nature.

2. ———: WHEN EMPLOYED. Certiorari may be resorted to, not only
   in cases where it is alleged that the lower court is absolutely with-
   out any jurisdiction, but it is a remedial writ in cases where
   courts have jurisdiction but undertake to exercise unauthorized
   powers.

3. **Disbarment of Attorney: CHANGE OF VENUE.** In a proceeding to
   disbar an attorney at law, the judge should grant him a change of
   venue on his application showing that the judge is a member of the
   bar association whose committee instituted the proceedings, and
   that such judge was a complainant and an active prosecutor in the
   matter.

4. ———: ———: DETERMINED DE NOVO ON APPEAL. Where a circuit
   court erroneously overrules the motion for a change of venue in a
   proceeding to disbar an attorney, to which he was entitled because
   of the interest of the judge in the matter, and the case, after judg-
   ment of disbarment is entered, is appealed to a Court of Appeals,
   which clearly has jurisdiction of his appeal, that court can not dis-
   regard the errors apparent on the record, and proceed, not to dis-

State ex rel. v. Smith.

pose of the case as an appellate court, but *de novo*, on that record, as a court of original jurisdiction, as if the complaint had been originally filed in that court. The court in the exercise of its original jurisdiction can not determine the case by the record made in the circuit court; the statute requires the charges to be exhibited originally in the court exercising original jurisdiction.

5. ———: ———: ———: KIND OF JURISDICTION. If the judgment entered in the Court of Appeals,.in such case, shows that it disposed of the case on the theory that it was triable there *de novo*, the holding will be that that court was attempting to exercise its original, and not appellate, jurisdiction.

6. ———: ———: ———: APPELLATE COURT'S PROVINCE. An appellate court, in the exercise of its appellate jurisdiction, is a court of review. It can not as an appellate court receive the record of a case tried in the circuit court, and then, as a court having concurrent original jurisdiction with the circuit court in such matters, proceed to dispose of the case, on the record, as if the case had originated in the appellate court, on the theory that the parties, by their appeal, have subjected themselves to its jurisdiction. All that the appellate court can do in such matters is to review the case as made up by the record, that is, to affirm, reverse, reverse and remand, or modify the judgment and enter the judgment the trial court should have entered.

7. **Jurisdiction:** CHANGE OF VENUE: APPEAL. If the trial court did not have jurisdiction to render judgment because it had wrongfully refused to award a change of venue, then the appellate court has no jurisdiction to dispose of the case on the merits.

8. ———: ———: AFFIDAVIT. An affidavit by the respondent in a proceeding to disbar an attorney, charging that the judge is an interested party, whether true or false, entitles him to a change of venue, and ousts the judge of his jurisdiction to try the case.

9. **Appeals:** HEARING DE NOVO. The expression used in the opinions that the appellate court in an equity case has power to hear the whole case *de novo*, does not mean that such court can retry the case anew. It simply means that the appellate court reviews all the facts to ascertain if all the equities have been adjusted.

## Certiorari.

WRIT AWARDED (*with directions*).

*Adiel Sherwood* and *Scarritt, Griffith & Jones* for relator.

(1) The Kansas City Court of Appeals has no original jurisdiction to try a case of this kind, unless

the proceedings are originally instituted in that court. Const., sec. 12, art. 4; sec. 22, art. 6; sec. 4, amend. 1884; ch. 73, R. S. 1899. (2) The filing of the motion for a change of venue, as decided by the Court of Appeals, divested the lower court of jurisdiction. Gale v. Michie, 47 Mo. 328; Lacy v. Barrett, 75 Mo. 469; Barnes v. McMullins, 78 Mo. 266; Dawson v. Dawson, 29 Mo. App. 523; State v. Schaffer, 36 Mo. App. 589; State v. Hayes, 81 Mo. 574; sec. 819, R. S. 1899. (3) This case was before the court upon an appeal, with a record containing exceptions to certain rulings and judgments of the lower court, with assignment of errors as to such matters, and briefs and arguments thereon. The Court of Appeals, therefore, was clothed with appellate jurisdiction only. At least it had no greater jurisdiction than the trial court, the general rule being that on appeal the jurisdiction of the upper court depends upon the previous jurisdiction of the lower court; and if that fail, the appeal should be quashed. Gregory v. Williams, 24 Ark. 177; Dunnington v. Bailey, 27 Ark. 508; Ide v. Sayer, 129 Ill. 230, 21 N. E. 810; Haney v. Sharp, 31 Ky. (1 Dana) 442; Burbage v. Squires, 6 Ky. (3 Metc.) 77; Bullitt v. Commonwealth, 77 Ky. (14 Bush) 74; Osgood v. Thurston, 40 Mass. (23 Peck) 110; Abernathy v. Moore, 83 Mo. 65; Poole v. Brown, 12 S. C. 556; Baker v. Chisholm, 3 Tex. 157; Able v. Bloomfield, 6 Tex. 263; Hearn v. Culberth, 10 Tex. 216; Moore v. Hildebrant, 14 Tex. 312 (65 Am. Dec. 115); Richardson v. Denison (Vt.) 1 Crik. 210; Thompson v. Colony, 6 Vt. 91; Stringham v. Board Com. of Winnebago Co., 24 Wis. 594; Connors v. Gorey, 32 Wis. 519; Ryder v. Holt, 128 U. S. 525.

*Gardiner Lathrop, F. F. Rozzelle, Frank F. Brumback, R. E. Ball* and *H. M. Beardsley* for respondents.

(1) A writ of certiorari brings up only the record, and upon a hearing the Supreme Court will only in-

quire whether there are any jurisdictional defects apparent therein. Matters of error or irregularity will not be considered. State v. Smith, 73 So. 211; State v. Smith, 101 Mo. 174; Railroad v. State Board, 64 Mo. 294; State v. Edwards, 104 Mo. 125; State v. Dobson, 135 Mo. 1. (2) The filing of the application for a change of venue in the circuit court did not divest that court of jurisdiction. It had the right to pass on the application, and having the right to adjudge whether the application was in due form and filed in proper time, its action, if wrong, might be reviewed on appeal, but can not be attacked collaterally. Colvin v. Six, 79 Mo. 198; Railroad v. Railroad, 118 Mo. 619; Re Whitson's Estate, 89 Mo. 58; State v. Noland, 111 Mo. 473. (3) The order of circuit court refusing change of venue was not even error. No right to change of venue existed. If a right did exist, the application was too late, being made after trial began, and long after day for answer (if any was required) had passed. Any right had been waived because not presented at once after knowledge of existence of causes therefor. The application is not in proper form. A refusal of change by court below can not prejudice defendant, because the Court of Appeals should pass on all the evidence *de novo*, as in an equity case. (a) As to right to change: R. S. 1899, sec. 4933; R. S. 1899, sec. 818; Sutton v. Cole, 155 Mo. 206; s. c., 73 Mo. App. 518; In re Bowman, 7 Mo. App. 568. (b) Too late after trial begun: Junior v. Railroad, 127 Mo. 79. (c) Too late after answer day: Jenkins v. Hill, 57 Mo. 122. (d) Too late because shows delay after knowledge of causes: State v. Mallock, 82 Mo. 455; Wolf v. Ward, 104 Mo. 127; Thompson v. Marshall, 50 Mo. App. 145. (e) Application not in proper form: Railroad v. Holliday, 131 Mo. 440; Raming v. Railroad, 157 Mo. 477; R. S. 1899, sec. 821. (f) This case was triable in Court of Appeals *de novo*: State v. Davis, 92 Tenn. 634; s. c., 23 S. W. 59. (4) The judgment of the

Court of Appeals can not be overturned even if the reasoning on which it is based is wrong. It would not be in a direct proceeding and much less on a collateral attack by certiorari. Johnson v. Franklin Bank, 73 So. 191; Ittner v. Hughes, 133 Mo. 679. (5) The Court of Appeals had jurisdiction of the case by the appeal and had also original jurisdiction to try the matter in the first place, even irrespective of any statute. Its judgment was not void because, by the express terms of the statute, it had power, even as an appellate court, to render the judgment. It also, under the general law, had power to hear the whole case *de novo* on the record as an equity case, and render such judgment as was proper. State ex rel. v. Harber, 129 Mo. 271; State v. Laughlin, 10 Mo. App. 1; R. S. 1899, sec. 866; Murdock v. Genehl, 47 Mo. 135; State v. Davis, 92 Tenn. 634; s. c., 23 S. W. 59; Campbell v. Hoff, 129 Mo. 317. (6) The record shows most conclusively that no other judgment could have been rendered by any court, and the Court of Appeals was therefore right in holding that if refusal of change of venue was error, still it was immaterial, and this court would not interfere even on appeal, because on the facts confessed of record, but one result could follow. R. S. 1899, sec. 865; Comfort v. Ballingal, 134 Mo. 281; Goodrick v. Harrison, 130 Mo. 263.

FOX, J.—The proceeding in this court is a writ of certiorari directed to the judges of the Kansas City Court of Appeals, requiring them to send to this court the record and proceedings in a matter pending before them on appeal from the circuit court of Jackson county, at Kansas City, Division No. 1, entitled, "In the matter of proceedings to remove William J. Scott from practice as an attorney at law."

The issuance of the writ by this court directed to the judges of the Kansas City Court of Appeals, springs from a proceeding instituted in the circuit court of

Jackson county to disbar the relator, who was a practicing attorney. On January 13, 1900, there was filed in the office of the clerk of the circuit court of Jackson county, a petition signed by Gardiner Lathrop, F. F. Rozzelle, Frank F. Brumback, R. E. Ball and H. M. Beardsley, who represented themselves to be a committee appointed by the Kansas City Bar Association to file and prosecute proceedings for disbarment against Mr. Scott. This petition alleged that Mr. Scott had been guilty of improperly retaining his clients' money and of deceit in his professional capacity. Mr. Scott was cited to answer said charges.

On June 16th the parties appeared for trial, and Mr. Scott filed an application for a change of venue on the ground that the judge of said division was an active member of the Kansas City Bar Association, and was therefore interested in said cause and was also personally prejudiced against Mr. Scott, and that Scott could not have a fair trial before him. This application was denied. Mr. Scott then filed his answer in said cause, which was a general denial of the charges. He then moved the court to impanel a jury to try the cause, and this motion was also denied.

The court, then, over Scott's protest, heard the evidence and on June 22, 1900, rendered judgment of disbarment against Mr. Scott. Motions in arrest and for new trial were duly filed and overruled, and a bill of exceptions in due and regular form was by the court signed, sealed, approved, allowed and ordered to be filed as part of the record in said cause.

This cause was argued and submitted to the Kansas City Court of Appeals on December 3, 1900, and it is asserted by relator that after consideration the said Court of Appeals filed its written opinion in said cause, and after deciding and holding that the lower court had committed error, proceeded to assume original jurisdiction itself, and rendered a judgment of disbarment against Mr. Scott without affirming, revers-

ing, modifying or correcting the decision of the lower court. On March 13, 1902, Mr. Scott filed in said court his motion for a rehearing which was by the court overruled. Mr. Scott then petitioned this court for a writ of certiorari, which was granted, served and due return thereof made to this court, and the record is now before us for final disposition.

That we may fully comprehend and appreciate the action of the Kansas City Court of Appeals, in respect to the disbarment proceeding pending in that court, we here quote the opinion announced in that case:

"On January 13, 1900, a complaint was filed in the circuit court by Gardiner Lathrop, Frank F. Rozzelle, R. E. Ball, Henry M. Beardsley and Frank F. Brumback, in which it is alleged that they were each and all attorneys at law, duly and regularly licensed, enrolled and practicing in the circuit court of Jackson county, Missouri; that they were each and all members of the Kansas City Bar Association and were appointed as a committee to present to that court and prosecute therein charges against William J. Scott, an attorney at law, practicing at the bar of said court, for improperly retaining his clients' money and for deceit in his professional capacity as such attorney and to petition this court for the removal of said William J. Scott from practice as an attorney at law. And as such committee, and individually as attorneys as aforesaid, it was in said complaint charged by them that on the 9th day of June, 1879, William J. Scott was by the circuit court of Jackson county, at Kansas City, duly and regularly licensed and enrolled as an attorney at law, and upon such date last named duly and regularly took the oath as then prescribed by the laws of the State of Missouri, and ever since the said 9th day of June, 1879, said William J. Scott has been and now is an attorney at law, duly and regularly licensed, enrolled and practicing at the bar of the circuit court of Jackson county. . . . The respondent (appellant) contends that the

judgment should be reversed because the trial court erred in refusing to grant him a change of venue on his application made for that purpose. This is a case where the matter charged in the complaint is not indictable and was for that reason triable by the court. [R. S. 1899, sec. 4933.] And here it is triable *de novo*. We will examine the evidence contained in the record and give such judgment as we consider shall be warranted, uninfluenced by the finding and judgment of the court below. We will proceed to examine the case as if it were one in equity, or one in which we were exercising original rather than appellate jurisdiction. It is our duty to hear, try and determine the matter in issue anew without regard to any error, defect or imperfection in the proceedings, trial or judgment of the circuit court. When the attention of the learned trial judge was called to the fact that he was a member of the bar association, the complainant, and an active prosecutor in the matter, and was therefore interested therein (Inhabitants, etc., v. Smith, 11 Metc. 390; Fitch v. Bates, 11 Barb. 471), it became his duty *sua sponte*, under section 819, Revised Statutes 1899, to award a change of the venue to some other division of the Jackson Circuit Court. [State ex rel. v. Woodson, 86 Mo. App. 253; Lacy v. Barrett, 75 Mo. 469; Gale v. Michie, 47 Mo. 326; Barnes v. McMullins, 78 Mo. 260.] But suppose the disqualification of the judge did deprive him of jurisdiction, and notwithstanding this he erroneously proceeded with the trial and gave judgment, and after that the matter has been transferred here by appeal and for trial *de novo*, what figure can such an error cut in our determination of the case? How can it prejudice the complainant (appellant) in his new trial here? By the respondent's appeal the matter is brought before us to be tried and determined just as if we were exercising our original instead of appellate jurisdiction. Our original jurisdic-

Vol 176 mo—7

tion, in a matter of this kind, is concurrent with that of the circuit court (R. S. 1899, sec. 4925), and since it is here by appeal and the parties have voluntarily subjected themselves to our jurisdiction, all previous defects in the proceedings must be considered as waived. The respondent, who has invoked by his appeal the exercise of our jurisdiction, can derive no benefit in the new trial, to which his appeal entitles him, by reason of any error which may have intervened in the proceeding in the court below. [Wilkerson v. Sampson, 56 Mo. App. 276; Pearson v. Gillett, 55 Mo. App. 312.]

"IV. The charge that the respondent improperly retained the money of Kirkendall & Company, his clients, as we understand it, is abandoned here by the prosecution, so that it only remains to determine from the evidence whether or not that for deceit in his professional capacity the judgment should be sustained. The respondent affirms, if of anything he is guilty, it consists mainly in certain representations made by him in certain letters written by him to Kirkendall & Company. . . . The charge in the complaint that the respondent was guilty of deceit in his professional capacity as an attorney at law we think fully sustained by the evidence contained in the record before us; it only remains for us to pronounce judgment according to the nature of the facts found. The judgment will be that the respondent be removed from the practice."

As a result of the conclusions reached in the opinion, the following judgment was entered of record in said court:

"The above cause having been heretofore submitted to the court upon the record, argument and briefs of counsel, and the court having considered the same and being of the opinion that the matters involved are triable here *de novo* upon the record and being duly advised in the premises doth find that the said William J. Scott is guilty of deceit in his professional capacity

as an attorney at law as set forth in the charges filed in the court below and contained in the record. Wherefore, it is considered, ordered and adjudged by the court that the said William J. Scott be removed from practice as an attorney at law.''

This is a sufficient statement as to the record before us, to indicate the controverted question involved in this proceeding.

Upon the petition of the relator, this writ was issued, duly served, its commands were obeyed, and the record certified to this court.

By this proceeding it is sought to correct alleged errors of the Kansas City Court of Appeals that can not be reached by an appeal or writ of error. The office of a writ of this character is so well known and universally understood, we take it, that it is unnecessary to burden this opinion with a citation of authorities treating of its functions.

Under the Constitution, ''certiorari'' is one of the methods by which the Supreme Court exercises its superintending control over the courts of appeals. It only brings up the record, and this court will only treat of such errors and defects which appear upon the face of the record, and which are jurisdictional in their nature.

This writ may be resorted to, not only in cases where it is alleged that the lower court is absolutely without any jurisdiction whatever; but it also may reach, and afford a remedy, in cases where such court has jurisdiction, but undertakes to exercise unauthorized powers. This principle was very clearly announced by Judge BLACK in State ex rel. Dawson v. St. Louis Ct. of App., 99 Mo. l. c. 221, where it is said: ''But it can not be said that the writ will be issued only in those cases where the lower court has no jurisdiction whatever over the case before it. High says: 'The province of the writ is not necessarily confined to cases

where the subordinate court is absolutely devoid of jurisdiction, but is also extended to cases where such tribunal, although rightfully entertaining jurisdiction of the subject-matter in controversy, has exceeded its legitimate powers.' "

There is but one question involved in this proceeding. That is, does the record before us disclose that the Kansas City Court of Appeals, in the disposition of relator's case, pending before it upon appeal, exceeded its legitimate powers; or in other words, did the Court of Appeals assume to exercise original and not appellate jurisdiction of the cause, and if so, was it such an exercise of unauthorized power as this court will, upon certiorari, correct and remedy?

Many questions are presented to us for determination in the briefs of the learned counsel in this cause. They are earnestly and very ably discussed; we shall, however, be content with the determination of the one vital question involved.

We shall not undertake to review the action of the circuit court in respect to its refusal to award relator a change of venue. The learned judge of the appellate court in his opinion herein quoted fully settled that question, and we are of the opinion that it was correctly determined.

The question with which we are confronted in this proceeding must be determined by the statutory provisions applicable to it. The disbarment proceeding, which is the origin of this case, is purely statutory, and when the statute, in a proceeding of this character is involved, the jurisdiction entertained by the court must be determined by a correct interpretation and application of the statute which confers the jurisdiction. Our attention is directed in the briefs of learned counsel, both for relator and respondent, to numerous cases. We have searched in vain to find any adjudication upon the precise, or a similar question, to the one before us for determination.

It must be conceded that the Kansas City Court of Appeals had appellate jurisdiction of the disbarment proceeding against the relator.   The case was tried by the circuit court of Jackson county, testimony heard, trial proceeded in regular order and relator preserved in due time and form his exceptions to the action of the trial court during the progress of the trial.   His appeal was in all respects duly perfected, and the record, as provided by law, transmitted to the appellate court. Relator's case was before the appellate court for review as is provided by the statute, the same in all respects as in actions at law.

This leaves us to the inquiry as to the nature and character of jurisdiction exercised by the appellate court, in respect to this case, as disclosed by the record before us.   It is insisted by respondents that the Court of Appeals only exercised its appellate jurisdiction. The record must answer this question.   No one can read the opinion in this cause, and reach any other conclusion than that the appellate court was not exercising its appellate jurisdiction; but did undertake to exercise original jurisdiction as conferred by section 4925, Revised Statutes 1899.   In the opinion, the Court of Appeals very clearly and correctly pointed out the error of the trial judge, and then proceeds in most forcible and unambiguous terms to determine the nature and character of jurisdiction it was entertaining in the disposition of the cause.   It announced:

"But suppose the disqualification of the judge did deprive him of jurisdiction, and notwithstanding this he erroneously proceeded with the trial and gave judgment, and after that the matter has been transferred here by appeal and for trial *de novo*, what figure can such an error cut in our determination of the case?  How can it prejudice the complainant (appellant) in his new trial here?   By the respondent's appeal the matter is brought before us to be tried and determined just as if we were exercising our original instead of appellate

jurisdiction. . Our original jurisdiction, in a matter of this kind, is concurrent with that of the circuit court (R. S. 1899, sec. 4925), and since it is here by appeal and the parties have voluntarily subjected themselves to our jurisdiction, all previous defects in the proceedings must be considered as waived. The respondent, who has invoked by his appeal, the exercise of our jurisdiction, can derive no benefit in the new trial, to which his appeal entitles him, by reason of any error which may have intervened in the proceeding in the court below.''

It is, however, earnestly urged by respondents, that the reason given by the appellate court in the opinion, is no part of the record, hence, can not be considered in determining the nature of the jurisdiction exercised. This may be conceded for the purposes of this case; still we have the conclusions reached in the opinion, clearly emphasized by the final judgment of the appellate court. Thus it is stated in the order: ''And being of the opinion that the matters involved are triable here *de novo* upon the record and being duly advised in the premises doth find that the said William J. Scott is guilty of deceit in his professional capacity as an attorney at law as set forth in the charges filed in the court below and contained in the record. Wherefore, it is considered, ordered and adjudged by the court that the said William J. Scott be removed from practice as an attorney at law.''

Here we have the final declaration of the court, that it tried the case anew upon the record before it, indicating by no doubtful terms that it was exercising its original and concurrent jurisdiction with the circuit court, as conferred by section 4925, supra.

We are of the opinion that but one conclusion can be reached from this record, upon this inquiry, and that is, that the appellate court disregarded the errors apparent in the record, and proceeded to dispose of this case as though the complaint had been originally filed

in that court. This is made apparent from the opinion announced and final judgment rendered.

This leaves us to the second and last proposition in this proceeding. Did the appellate court, by the exercise of its original jurisdiction, in the disposition of this disbarment proceeding, pending before it upon appeal, exceed its legitimate powers? This proposition must be solved by a correct interpretation and application of section 4925, supra.

Section 4924, Revised Statutes 1899, provides: "Any attorney or counselor at law who shall be guilty of any felony or infamous crime, or improperly retaining his client's money, or of any malpractice, deceit or misdemeanor in his professional capacity, may be removed or suspended from practice, upon charges exhibited and proceedings thereon had, as hereinafter provided."

Then follows section 4925, conferring jurisdiction upon certain courts to try the charges exhibited. It provides: "Such charges may be exhibited and proceedings thereon had in the Supreme Court, the St. Louis Court of Appeals, the Kansas City Court of Appeals, or the circuit court of the county in which the offense shall have been committed or the accused resides."

This section clearly undertakes to confer original, as well as concurrent, jurisdiction with the circuit court, upon the Supreme Court and the Courts of Appeals. It is equally clear, that to authorize the appellate court to exercise original jurisdiction in proceedings of this character, the charges must be exhibited in that court; in other words, the proceedings must originate before that court.

Section 4926, Revised Statutes 1899, indicates very clearly how this original jurisdiction must be exercised. It provides: "The court in which such charges shall be exhibited shall fix a day for the hearing, allowing a reasonable time, and the clerk shall issue a citation

accordingly, with a copy of the charges annexed, which may be served upon the accused wherever found.''

It will be observed by the last section cited that the court, whether it be the Court of Appeals or the circuit court, shall issue process and fix a day for the hearing of the cause. It certainly will not be contended, in view of this statute, that the charge can first be exhibited in the circuit court, tried, the evidence preserved, the record transmitted to the appellate court, and then the appellate court can appropriate all the proceedings of the circuit court in the exercise of its original and concurrent jurisdiction. We are unwilling to sanction any such interpretation of that statute. Appellate courts, in the exercise of their appellate jurisdiction, are courts of review. They review the record transmitted upon appeal or writ of error, and after doing so they are authorized to affirm, reverse, reverse and remand, or modify the judgment, or enter the judgment that the trial court should have entered.

The jurisdiction, first acquired, must be entertained. In this proceeding, the first and only jurisdiction the appellate court acquired was an appellate jurisdiction, and it was not authorized to exercise any other. Relator exercised the right conferred upon him by the statute. Section 4935, Revised Statutes 1899, provides: ''In all cases of a trial of charges in the circuit court, the defendant may except to any decision of the court, and may prosecute an appeal or writ of error, in all respects as in actions at law.''

In pursuance of this section, relator's case was before the Court of Appeals for the purpose of correcting any errors that might be disclosed by the record, committed by the trial court in the disposition of the case.

It is further insisted that this record discloses a proper exercise of appellate jurisdiction, and it is earnestly contended that the appellate court had the right to review the facts and enter such judgment as the trial

court should have entered; in support of this contention, our attention is directed to section 866, Revised Statutes 1899, which, so far as pertinent, provides: "The Supreme Court, St. Louis Court of Appeals and Kansas City Court of Appeals, in appeals or writs of error, shall examine the record and award a new trial, reverse or affirm the judgment or decision of the circuit court, or give such judgment as such court ought to have given, as to them seem agreeable to law."

In pursuance of the provisions of this section, if the trial court had failed to enter its judgment in proper form or had entered an erroneous judgment, the appellate court, in the exercise of its appellate jurisdiction, could have modified it or entered the judgment it should have given. But that section has no application to the record before us. There is no pretense in this proceeding that the judgment of the trial court was defective or erroneous in any respect, and the Kansas City Court of Appeals did not undertake to modify, correct or in any way change the judgment of the trial court; but as indicated by the final order, which is emphasized by the opinion of the court, it tried the case anew and entered its own independent judgment, and the same judgment that was rendered by the trial court. This simply emphasizes the position that the appellate court, in relator's proceeding, notwithstanding he had perfected his appeal in due form, proceeded to exercise original jurisdiction and try the case anew and rendered its judgment as though said charges had been first exhibited in that court.

Counsel for respondent in their brief insist that it must be remembered that the Court of Appeals had both original and appellate jurisdiction, and cite the case of State ex rel. v. Harber, 129 Mo. 271. It is enough to say, as to this suggestion, that the appellate court, in this proceeding, did not have original jurisdiction, for the reason its jurisdiction had been determined by the appeal and transmission of the record to that

court, and this operated only to confer upon that court appellate jurisdiction. It could only have acquired and exercised its original jurisdiction, as to this disbarment proceeding, by having the charges exhibited as provided by the statute, and issuing its process to the relator. That is not this case.

It is finally contended by counsel for respondents that the record in this cause should be sustained, for the reason that the appellate court had the power to hear the whole case *de novo,* on the record as in an equity case. If by this contention it is meant that appellate courts can hear or try equity cases *de novo,* it is a misconception of the jurisdiction of appellate courts, even in purely equitable proceedings.

While appellate courts in equity cases review the evidence upon which the findings of the trial court are based, it does not retry the case anew; but being a case appealing to the conscience of the chancellor, this court, in the exercise of its appellate jurisdiction, reviews all the facts, to ascertain if all the equities have been adjusted in keeping with good conscience; but, by no means would this court hesitate to reverse an equity case, if the chancellor had ignored, in the trial of the cause, some plain and mandatory statute, applicable to the proceeding, even though the evidence fully supported the finding of the chancellor.

Some of the equity cases cited may apply the term in reviewing the facts by the appellate court, as a trial *de novo,* but, in our opinion, this is a misappropriation of the term. This phrase is only applicable in appeals to a higher court that corrects the errors of the inferior tribunal, not by review, but by a trial anew.

This proceeding was instituted in pursuance of the statute; in that respect, it is purely statutory. Relator during the progress of the trial, preserved his exceptions, as he was fully authorized to do under the statute. He had the right to have an impartial tribunal try his case. His affidavit for a change of venue, whether true

or false in point of fact, must be taken as true, and the Court of Appeals correctly held that it was error to refuse his application to change the venue, and the court should have reversed and remanded the cause with directions to the trial court, to send said cause to another division of the Jackson Circuit Court for trial.

We have carefully considered the record before us and we are unable to reach any other conclusion than that the Kansas City Court of Appeals assumed original jurisdiction of the disbarment proceeding, without acquiring it in the manner pointed out by the statute, and proceeded to try said cause *de novo*.   In this, with all due respect to said court, we are of the opinion that it exceeded its legitimate powers.

It is, therefore, ordered that the judgment of the Kansas City Court of Appeals be set aside, and it is directed to reverse the judgment of the circuit court, with direction that the change of venue be awarded.

All concur.