**AMERICAN SURGERY CENTER OF ST. LOUIS, INC., Respondent,**

v.

**Jack R. COLLINS, Appellant.**

**No. 51112.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 28, 1986.

Motion for Rehearing and/or Transfer
Denied Dec. 10, 1986.

D. Eric Sowers, Friedman, Weitzman & Friedman, St. Louis, for appellant.

Richard A. Mueller, Mark A. Bayles, Coburn, Croft & Putzell, St. Louis, for respondent.

CRIST, Judge.

Appeal from denial of motion for interpretation of language in permanent injunction. We dismiss.

Appellant (doctor) was involved in American Surgery Center of St. Louis (ASC) since its inception. In return for his monetary and other contributions, he was made a member of the Board of Directors. As such, he received confidential company information. Doctor also served in positions of Medical Director and Chief Anesthesiologist.

While still holding all of these positions, doctor helped establish a competing outpatient facility that was to be located only a few blocks from ASC. Doctor submitted his thirty-day notice of resignation for his positions as Medical Director and Chief Anesthesiologist with the effective date only days before the new clinic was to open. Doctor then assumed identical positions at the new clinic. At no point did doctor resign as a director of ASC. The other officers and directors of ASC became aware a new clinic was about to be established only after the notice of resignation.

382

Between the submission and the effective date of his resignation, the doctor talked to several ASC employees about moving to the new clinic. He sent a notice of his move and an application to use the new facility to a large portion of ASC "customers." (The doctors who schedule surgeries at ASC are called its customers.) He took confidential information that could be used to undermine ASC's business. Also, his actions were shown to have damaged the good will of ASC by making the situation highly political.

ASC sought injunctive relief when doctor started working at the new clinic. One of the demands for relief requested that doctor refrain:

e. From becoming interested in, employed by, or affiliated with any corporation, company or firm providing or planning to provide outpatient ambulatory surgery services in the St. Louis Metropolitan area for a period of three years from the date of injunction herein.

After losing his attempt to prevent the preliminary injunction, doctor confessed judgment quoting the terms above and a permanent injunction was issued with the same language. Approximately four months later, doctor filed his unverified motion to interpret the injunction, specifically the term "affiliated," so as to allow him to provide anesthesiological services which are said to be on a "private-contractor" basis. The trial court, after a hearing, overruled the motion and this appeal followed.

■ On appeal, the judgment of the trial court is presumed to be correct and the burden is on the party contesting the judgment to show the trial court's error. *Delf v. Cartwright,* 651 S.W.2d 622 (Mo.App. 1983). Doctor did not verify his motion for interpretation, file a transcript of the hearing on this motion, or offer evidence or exhibits to show why the language is unclear. Since the appellant has the burden of producing a record to show error, *Ward By Walker v. McQueen,* 670 S.W.2d 176, 177 [4] (Mo.App.1984), we would affirm the judgment of the trial court on this basis alone.

■ And, the motion was filed approximately four months after entry of the judgment by confession and was therefore untimely. Rule 75.01 provides, in part, that:

The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time.

This had been interpreted to mean the trial court loses jurisdiction to hear post-judgment motions after the thirty-day period has run. *Telge v. Telge,* 677 S.W.2d 403, 406 [7] (Mo.App.1984). An exception to this rule occurs when the injunction is based on a condition subject to change; a condition doctor would have a burden to prove. *Lee v. Rolla Speedway, Inc.,* 668 S.W.2d 200, 205 [1] (Mo.App.1984); *Twedell v. Town of Normandy,* 581 S.W.2d 438 (Mo.App.1979). Based on the inadequacy of the record before us, we cannot say the exception should apply.

Appeal dismissed.

DOWD, P.J., and REINHARD, J., concur.