**Tommy Lee CHATMAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 52209.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 7, 1987.

Motion for Rehearing and/or Transfer
Denied Aug. 6, 1987.

Application to Transfer Denied
Sept. 15, 1987.

Michael D. Burton, St. Louis, for appellant.

William L. Webster, Atty. Gen., Kurt A. Hentz, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was one of three people who committed robbery and murder. The State made a deal with movant in which they agreed to prosecute movant only on a robbery charge if movant would cooperate in the prosecution of a co-defendant whom the State believed to be the trigger man. The State felt movant violated the agreement when he refused to take a polygraph test. The State then charged movant with first degree murder and used movant's confession to obtain a conviction. Movant was sentenced as a prior offender to a term of life imprisonment.

In *State v. Chatman,* 682 S.W.2d 82 (Mo.App.1984), this court reversed the conviction holding the State had not proven movant violated the agreement in that

there was no showing movant had agreed to take the polygraph test before he made his confession. This court further stated movant was not entitled to a dismissal of the murder charge on the basis of the agreement. The State could elect to either abide by the agreement and only prosecute the robbery charge with the use of the confession, or the State could prosecute the murder charge with the confession excluded. *Id.* at 86.

On remand, the State again sought to prosecute movant for first degree murder. After consultation with the attorney who had represented him through his first trial and appeal, movant agreed to plead guilty to second degree murder and received a sentence of twenty-three years.

Movant now claims his guilty plea was involuntary due to the unsound legal advice given to him by his attorney. Movant alleges (1) without the confession there was no admissible evidence against him on the murder charge, (2) due to the agreement the State could not prosecute movant for murder, and (3) the confession would not have been admissible to prove any criminal charge because it was involuntary.

In its findings of fact and conclusions of law, the Rule 27.26 court relied on the transcript of the guilty plea hearing to find the guilty plea was knowingly and voluntarily made. Movant has failed to supply this transcript for the record on appeal. Movant states this transcript is unnecessary because it sheds no light upon his allegations, and he is willing to stipulate "the customary questions were asked and the customary answers were given."

This court must uphold the ruling of the Rule 27.26 court unless we find its findings of fact and conclusions of law are clearly erroneous. Rule 27.26(j).

It is movant's burden to show the Rule 27.26 court was in error and he must produce a record to prove this. *American Surgery Center of St. Louis, Inc. v. Collins,* 720 S.W.2d 381 (Mo.App.1986). The Rule 27.26 court relied upon the transcript of the guilty plea to find the plea voluntary. While the arguments advanced by movant deal with questions of law about which movant might have been unaware at the time of his guilty plea, and thus this might not have come out in response to "customary questions," movant has not met his burden of showing the Rule 27.26 court was in error.

Judgment affirmed.

KELLY, J., concurs.

SATZ, P.J., concurs in result.