Patricia A. O'BERNIER, Plaintiff–
Respondent,

v.

R.C. & ASSOCIATES, INC. and Ronald
C. Stith, Defendants–Appellants.

No. 23831.

Missouri Court of Appeals,
Southern District,
Division Two.

June 28, 2001.

Richard D. Crites, Springfield, for appellants.

Brent D. Green, Evans & Green LLP, Springfield, for respondent.

RAHMEYER, Judge.

This is an appeal of a judgment against the makers of a promissory note. The makers claim the trial court erred in denying an oral motion to dismiss for failure to comply with Rules 52.01[1] and 52.04. We affirm.

██ R.C. & Associates and Ronald C. Stith ("Appellants") executed and deliv-

---

1. All rule references are to Supreme Court Rules (2001), unless otherwise stated.

ered a promissory note in the amount of $30,000.00 to Patricia A O'Bernier ("Respondent") on February 4, 1997. Appellants admitted in their answer that Respondent was the owner and holder of the note. A judicial admission waives or dispenses with production of evidence and concedes for purpose of the litigation that a certain proposition is true. *Webb v. Finley,* 806 S.W.2d 501, 503 (Mo.App. S.D. 1991). The original note was introduced at trial. It was undisputed that Appellants did not pay the note. The trial court found Appellants owed Respondent $34,829.76 on the balance of the note and entered judgment in that amount plus attorney fees, court costs and interest.

■ Appellants cite *State v. Welsh,* 853 S.W.2d 466, 469 (Mo.App. S.D.1993) for the proposition that the standard of review for this court is whether the trial court abused its discretion in granting judgment for Respondent. Respondent correctly notes that in a court-tried case this court must affirm the judgment unless it is unsupported by the evidence, it is against the weight of the evidence, or erroneously declares or applies the law. *See KJC Development Corp. v. Land Trust of Jackson County,* 6 S.W.3d 894 (Mo. banc 1999).

■ Appellants' sole point on appeal is that the trial court should have dismissed the suit for the failure of Respondent to join the real party in interest. Appellants' theory seems to be that an offered "Exhibit A" shows that Respondent declared bankruptcy after the execution of the note but did not admit to ownership of the note in the bankruptcy schedules. Appellants contend, if that were the case, that the real party in interest would be the trustee of the bankruptcy court or Respondent as trustee of her mother's estate.

Initially, "Exhibit A" was not admitted on the grounds of relevancy, however, the court admitted "Exhibit A" so the record could be clear in case of further review. Appellants have not graced this court with a copy of "Exhibit A." Appellants counsel asked no questions of Respondent concerning "Exhibit A" other than to identify signatures of Respondent and her husband.

■ "The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented." Rule 81.12(a). An incomplete record forecloses appellate review because it does not contain "all of the record, proceedings, and evidence necessary to the determination of all questions presented." *Smith v. Associated Natural Gas Co.,* 7 S.W.3d 530, 535 (Mo.App. S.D.1999). It is the appellant's burden to provide such a record for us to review. *Ocwen Federal Bank, FSB v. Byers,* 17 S.W.3d 166, 168 (Mo.App. E.D. 2000). Where exhibits are omitted from the transcript and are not filed with the appellate court, the intendment and content of the exhibits will be taken as favorable to the trial court's ruling and as unfavorable to appellant. *Smith,* 7 S.W.3d at 535. Point denied.

Based on the record before us, the judgment is affirmed.

PREWITT and GARRISON, JJ., concur.