**Susan DAVIS, Respondent,**

v.

**Quentin DAVIS, Appellant.**

**No. WD 67257.**

Missouri Court of Appeals, Western District.

May 22, 2007.

Quentin Davis, Kansas City, MO, Appellant Pro Se.

Susan Davis, Kansas City, MO, Respondent Pro Se.

Before Div I—BRECKENRIDGE, P.J., LOWENSTEIN and SPINDEN, JJ.

HAROLD L. LOWENSTEIN, Judge.

Quentin Davis ("Husband") appeals from an order entered by the Circuit Court of Jackson County granting Susan Davis ("Wife") a full order of protection pursuant to Sections 455.010 to 455.085.[1]

Husband and Wife were married for twenty-seven years when a dispute arose between Husband and the couple's five grown children in December 2005. Husband refused to allow any of the children to enter the family home occupied by Wife until they apologized to him for their behavior during the dispute. On at least two occasions, Husband returned home or passed by the home to discover one or more of the children visiting their mother. Husband would call Wife and direct her to make the children leave.

The dispute evidently escalated as Wife's petition for an order of protection filed July 7, 2006, stated that Husband had not lived in the family home for "about a year." Wife claimed she needed an order of protection in that Husband was "[c]ircling the neighborhood[, c]ontinually calling stating he would come in with a baseball bat if I didn't make my children leave (adult children)." She also claimed that he "came on the porch and rang the bell (the locks have been changed) threatening to do 'something' if my daughter didn't leave the house (older, adult daughter)." Wife was granted an *ex parte* order of protection. An amended *ex parte* order of protection was entered July 17, 2006.

A hearing on a full order of protection was held on July 31, 2006. Both Husband and Wife were present at the hearing after which the trial court entered a Full Order of Protection pursuant to the Adult Abuse Act, Sections 455.010 to 455.085. Under the order, Husband could not "abuse, threaten to abuse, molest, stalk or disturb

the peace," communicate, or enter the home he shared with Wife until July 30, 2007. Husband appeals the July 31, 2006 order.

■ Husband raises two points of error challenging both the validity of the hearing and the validity of the order. He first claims that trial court abused its discretion in refusing to allow him to make a motion for a continuance, thereby infringing his right to due process in denying his opportunity to be heard. Husband further claims that the grant of the full order of protection is unsupported by evidence in the record.

■ "Appellate courts, in the exercise of their appellate jurisdiction, are courts of review. They review the record transmitted upon appeal, and after doing so they are authorized to affirm, reverse and remand, or modify the judgment, or enter the judgment that the trial court should have entered. The jurisdiction first acquired must be entertained." *State ex rel. Scott v. Smith,* 176 Mo. 90, 75 S.W. 586, 590 (1903). The appellant has the duty to provide a complete record on appeal. *City of St. Clair v. Cash,* 579 S.W.2d 763, 764 (Mo.App.1979). The appellant must provide everything " 'necessary to the determination of all questions ... presented to the appellate court.' " *Id.* The court must have before it a record "upon which this court can act with some degree of confidence in the reasonableness of its review, without resort to speculation and conjecture as to the controlling facts of the case." *Id.*

In order to determine the validity of Husband's claims, this court must review the record of the hearing. Husband, however, has failed to provide a transcript, thereby leaving the record on appeal in-

1. All statutory references are to RSMo. (2000) and (Cum.Supp.2006) unless otherwise noted.

complete. This court is unable to determine whether the trial court abused its discretion in refusing Husband the opportunity to request a continuance or whether sufficient evidence was adduced at the hearing to support the order of protection. As such, this appeal must be dismissed for failure to provide a complete record. *See Grafton v. City of Plattsburg,* 167 S.W.3d 731, 734 (Mo.App.2005).

Appeal dismissed.

All concur.