**D.B., Respondent,**

v.

**D.H., Appellant.**

**No. ED 96339.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 20, 2011.

D.H., St. Louis, MO, for appellant.

D.B., St. Louis, MO, for respondent.

GARY M. GAERTNER, JR., Judge.

*Introduction*

D.H. (Appellant) appeals pro se from the trial court's judgment granting a full order

of protection after D.B. filed a petition for protection, pursuant to the Adult Abuse Act, Sections 455.010 through 455.085 RSMo. (2009). We dismiss the appeal on the ground that the record on appeal is insufficient under Rule 81.12(a) & (c) to review the appeal, because Appellant failed to file a transcript of the proceedings below.

### Background

D.B. filed a petition for an order of protection against Appellant on January 24, 2011, claiming that Appellant was harassing her. Specifically, she asserted that Appellant was constantly calling her business and cellular telephones to threaten D.B. and her family. She also asserted that on December 9, 2010, Appellant threw bricks at her place of business, and that on January 20, 2011, Appellant shot out the windows of D.B.'s car with a pellet gun. The trial court granted an ex parte order of protection and set it for a hearing. After a February 16 hearing, at which both Appellant and D.B. appeared, the court granted a full order of protection, effective until August 21, 2011. This appeal follows.

### Points on Appeal

In her first point on appeal, Appellant asserts that the trial court erred in granting the full order of protection, because the court failed to make required findings and the court did not allow Appellant to question her witness or offer rebuttal testimony at the hearing. In her second point on appeal, Appellant contends that the trial court erred in granting the full order of protection, because it was not supported by the evidence in the record.

### Discussion

"Appellate courts ... are courts of review." *Davis v. Davis*, 222 S.W.3d 335, 336 (Mo.App. W.D.2007) (citation omitted). Only after reviewing the record submitted on appeal, may we affirm, reverse, or modify the judgment entered by the trial court. *Id.* As the party claiming error, the appellant must provide "everything 'necessary to the determination of all questions ... presented to the appellate court.'" *Id.* (citation omitted); *see also* Rule 81.12(a), (c); *State v. Charron*, 743 S.W.2d 436, 437 (Mo.App. E.D.1987) (because it is appellant's burden to demonstrate error on appeal, it is appellant's duty to provide transcript on appeal). The appellate court must base its ruling on a record "upon which this court can act with some degree of confidence ... without resort to speculation and conjecture as to the controlling facts of the case." *Davis*, 222 S.W.3d at 336 (citation omitted).

Appellant here has failed to provide this court with a transcript of the hearing, leaving the record on appeal incomplete. Without a transcript, this court is unable to determine whether the trial court erred in failing to make requisite findings at the hearing and in failing to allow Appellant to question witnesses and rebut evidence, and whether the evidence adduced supported the judgment. *Davis*, 222 S.W.3d at 336. Pro se litigants are bound by the same rules as attorneys. *Bastain v. Brown*, 28 S.W.3d 494, 495 (Mo.App. E.D.2000). In the absence of the required record, there is nothing for us to review.

### Conclusion

The appeal is dismissed.

CLIFFORD H. AHRENS, P.J., and ROY L. RICHTER, J., concur.