**Alan Cordy PENDERGRASS, Appellant,**

v.

**PENDERGRASS ENTERPRISES, INC., Respondent.**

**No. SD 31697.**

Missouri Court of Appeals, Southern District, Division Two.

June 12, 2012.

Alan Cordy Pendergrass, Chaffee, MO, Appellant pro se.

Daniel P. Finch, Cape Girardeau, MO, for Respondent.

## WILLIAM W. FRANCIS, JR., P.J.

Alan Cordy Pendergrass ("Pendergrass"), a self-represented litigant, appeals the trial court's dismissal with prejudice of his "Petition for the Finding and Determination of the Fair Value of Shares" ("Petition"). Due to the incomplete record before us, we dismiss this appeal.

On or about May 27, 2011, Pendergrass filed his Petition to determine the fair value of his shares as a dissenting shareholder.[1] On October 28, 2011, Pendergrass Enterprises, Inc. ("Pendergrass Enterprises"), filed its "Motion to Dismiss" Pendergrass's Petition for failure to comply with section 351.405.[2] The Motion to Dismiss claimed Pendergrass failed to make written demand on Pendergrass Enterprises for payment of the fair value of Pendergrass's shares. Pendergrass Enterprises purportedly attached and incorporated by reference two letters Pendergrass sent Pendergrass Enterprises in response to Pendergrass Enterprises' request for production of documents. These two letters were not deposited with this Court on appeal or included in the legal file.

On November 10, 2011, the motion court heard arguments from Pendergrass and counsel for Pendergrass Enterprises regarding Pendergrass's failure to send Pendergrass Enterprises written objection or a written demand for the payment of the fair value of his shares. No evidence was submitted. The trial court entered judgment in favor of Pendergrass Enterprises based on the fact that Pendergrass failed to follow the mandatory requirements of section 351.405.

Pendergrass claims three errors on appeal regarding his alleged written demand to Pendergrass Enterprises. Because the record before us is incomplete, we are unable to rule on the merits of Pendergrass's appeal and dismiss. Pendergrass has the duty to provide this Court with a full and complete record. *Davis v. Davis,* 222 S.W.3d 335, 336 (Mo.App. W.D.2007). "The appellant must provide everything 'necessary to the determination of all questions ... presented to the appellate court.'" *Id.* (internal citation omitted). The appellate court must base its ruling on a record "upon which this court can act with some degree of confidence ... without resort to speculation and conjecture as to the controlling facts of the case." *Id.* (internal citation and quotation omitted).

Self-represented litigants are bound by the same rules as attorneys. *D.B. v. D.H.,* 348 S.W.3d 179, 180 (Mo.App. E.D.2011). While we recognize the challenges faced by self-represented litigants, we cannot give preferential treatment to non-lawyers. *Duncan v. Duncan,* 320 S.W.3d 725, 726 (Mo.App. E.D.2010). "It is not for lack of sympathy, but rather is 'necessitated by the requirement of judicial impartiality, judicial economy, and fairness to all parties.'" *Id.* (quoting *Elkins v. Elkins,* 257 S.W.3d 617, 618 (Mo.App. E.D.2008)). In the absence of the required record, there is nothing for us to review. In order to determine the validity of Pendergrass's

---

1. Pendergrass owned 260 shares of Pendergrass Enterprises. There were 999 shares of Pendergrass Enterprises owned by other shareholders. On April 25, 2011, Pendergrass Enterprises sold all, or substantially all, of its assets.

2. All references to statutes are to RSMo 2000, unless otherwise indicated. All rule references are to Missouri Court Rules (2012).

claims, this Court must review the entire Motion to Dismiss, which includes the two letters that were not deposited with this Court. Again, Pendergrass has failed to provide these documents, thereby leaving the record on appeal incomplete. As such, this appeal is dismissed for failure to provide a complete record.[3]

JEFFREY W. BATES and DANIEL E. SCOTT, JJ., concur.

---

**3.** Pendergrass's brief additionally fails to comply with numerous Rule 84.04 requirements. Compliance with these requirements is mandatory to ensure appellate courts do not become advocates by speculating on facts and on arguments that have not been made. *Duncan,* 320 S.W.3d at 726. For example, Pendergrass's points relied on are deficient in that all three points fail to "state concisely the legal reason for appellant's claim of reversible error" and "explain in a summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." However, it is unnecessary to discuss each of Pendergrass's briefing violations in detail given Pendergrass's fatal error in not providing this Court with all the documents necessary for review.