JEFFREY W. BATES, J.
Kimberly Fariss (Fariss) appeals from a judgment granting Amy Main (Main) a full order of protection pursuant to the Adult Abuse Act (the Act) after a bench trial. See §§ 455.010-.090.[1] On appeal, Fariss contends the trial court erred because: (1) Main's petition did not allege facts entitling her to relief from stalking or harassment; and (2) the evidence adduced at the hearing was insufficient to sustain the order of protection. Because the trial court's judgment is presumed correct and Farris has failed to carry her burden of establishing reversible error, we affirm.
On January 26, 2018, Main filed a verified pro se petition under the Act seeking an order of protection against Farris. As is common, it was completed using Supreme Court Form AA40, which was approved for use as a petition for an order of protection involving an adult and is available on the court website of the Supreme Court of Missouri.[2] This form contains various boxes that can be checked or left blank, as well as sections that call for handwritten text. In Main's petition, she alleged that Farris, her biological sister, had "knowingly and intentionally" stalked and harassed her throughout August 2017 and on January 25, 2018. Main averred that she was afraid of Farris because: "I gave a Rape [sic] testimony as a minor. [Farris] wants me to recant, saying I lied. She has repeatedly harassed me after requesting her not to. I have an infant child at my home." Based on the contents of the petition, the trial court entered an ex parte order of protection against Farris.
A hearing on Main's entitlement to a full order of protection was held on March 5, 2018.[3] Thereafter, the trial court entered judgment granting Main a full order of protection, effective for one year. The court further directed that the order automatically renew for an additional year. This appeal followed. Additional facts necessary to the disposition of the case are included below as we address Farris' point.
*106 "On appeal, the judgment of the trial court is presumed to be correct and the burden is on the party contesting the judgment to show the trial court's error." American Surgery Center of St. Louis, Inc. v. Collins , 720 S.W.2d 381, 382 (Mo. App. 1986). "The presumption of validity that surrounds a judgment extends to every essential fact that must have existed in order for the court to enter a valid decree." Linzenni v. Hoffman , 937 S.W.2d 723, 725 (Mo. banc 1997). Farris' single point on appeal contends that the trial court "erred in granting the petition for order of protection, because there were no allegations of stalking or harassment as defined by the Adult Abuse Act or proof of the same."[4]
The first prong of Fariss' point challenges the sufficiency of the pro se petition requesting an order of protection. She contends the petition was inadequate because, apart from the checked boxes on the pre-printed form, it contained only "bare" factual allegations which did not constitute either stalking or harassment under the Act. This issue is not preserved for appellate review because the record before us, consisting only of the legal file, does not demonstrate that this issue was presented to and decided by the trial court. See Rule 78.09; Brown v. Brown , 423 S.W.3d 784, 787-88 (Mo. banc 2014) ; Stander v. Szabados , 407 S.W.3d 73, 81 (Mo. App. 2013) (due to the amendment of Rule 55.27(g), the defense of failure to state a claim is waived when not presented to the trial court and cannot be raised for the first time on appeal).
The second prong of Farris' point challenges the sufficiency of the evidence to prove stalking or harassment. Appellate courts are courts of review. Davis v. Davis , 222 S.W.3d 335, 336 (Mo. App. 2007). Only after reviewing the record submitted on appeal may we affirm, reverse or modify the judgment entered by the trial court. Id . The appellate court must base its ruling on a record "upon which this court can act with some degree of confidence in the reasonableness of its review, without resort to speculation and conjecture as to the controlling facts of the case." Id . (citation and quotation marks omitted).
Rule 81.12(a) provides: "The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." Id . That record includes a legal file component and a transcript component. "It is the appellant's duty to order the transcript and compile the record on appeal." J.L. v. Lancaster , 453 S.W.3d 348, 351 (Mo. App. 2015) ; see Davis , 222 S.W.3d at 336 ; Rule 81.12(c)(1). The record of proceedings in this case was made by electronic sound recording. Supreme Court Operating Rule 5.04(b) provides: "All transcripts of cases on appeal recorded on electronic sound recording shall be prepared by the Office of State Courts Administrator, an approved contractor or by an official court reporter."Id . Upon completion by an authorized individual, the transcriber shall certify the transcript "as a true and accurate reproduction of the sound recording."
*107 Rule 81.12(c)(5). When the proceedings are recorded by means of an electronic sound recording, the transcript component of the record on appeal is obtained by ordering the transcript, in writing, from the clerk. Rule 81.12(c)(1).
We have confirmed that a record of the evidentiary hearing on the full order of protection was preserved on sound recording equipment. "It is the appellant's burden to file portions of the transcript so that the record on appeal contains all of the evidence necessary for determination of a question presented to the appellate court for its review; and when an appellant fails to do so, the court will presume that the transcript would have been unfavorable to the appellant." Beckmann v. Miceli Homes, Inc. , 45 S.W.3d 533, 542-43 (Mo. App. 2001). Farris has failed to provide us with a transcript of the hearing, leaving the record on appeal incomplete. Without a transcript, we have no means to evaluate Fariss' contention that insufficient evidence was adduced to support the full order of protection. See Saturn of Tiffany Springs v. McDaris , 331 S.W.3d 704, 713-14 (Mo. App. 2011) ; O'Bernier v. R.C. & Associates, Inc. , 47 S.W.3d 422, 423 (Mo. App. 2001). Therefore, Farris has failed to meet her burden of establishing reversible trial court error. See In re Marriage of Chorum , 469 S.W.3d 484, 490 (Mo. App. 2015) ; O'Bernier , 47 S.W.3d at 423. The second prong of her point lacks merit.
Because Fariss has failed to overcome the presumption that the trial court's judgment was correct, her point lacks merit. The judgment of the trial court is affirmed.
DANIEL E. SCOTT, J. - CONCUR
MARY W. SHEFFIELD, J. - CONCUR

All statutory references are to RSMo (2016). All rule references are to Missouri Court Rules (2018).

Main used the uniform form for petitions which was developed by our Supreme Court in response to legislative mandate. See § 455.025 ("The supreme court ... shall provide forms for petitions and written instructions on filling out all forms and pleadings necessary for the presentation of the petition to the court."); § 455.073 ("[T]he supreme court of the state of Missouri shall: (1) Develop and adopt uniform forms for petitions and orders of protection; and (2) Provide the forms to each circuit clerk."); Supreme Court Form AA40 available at https://www.courts.mo.gov/page.jsp?id=533; see also S.D. v. Wallace , 364 S.W.3d 252, 254-55 (Mo. App. 2012) (acknowledging the "common" use of pre-printed petitions seeking orders of protection).

The trial court's judgment reflects that both parties attended the hearing and were represented by counsel. The box on the notice of appeal for "Sound Recording Equipment" is checked. This Court confirmed, via order to the McDonald County circuit clerk, that a record of the hearing was made by electronic sound recording and that Farris never requested that a transcript of the hearing be prepared.

This point is multifarious because it challenges both the sufficiency of the petition and the sufficiency of the evidence at trial in a single point. These two alleged errors, which involve different standards and methods of review, should not be combined together. A point relied on containing multiple claims of error violates Rule 84.04(d) and ordinarily is subject to dismissal. Patterson v. Pilot , 399 S.W.3d 889, 897 n.15 (Mo. App. 2013). Under the circumstances presented here, however, we exercise our discretion to review the point ex gratia and dispose of the appeal on other grounds.